MOYER, Warden, v. ANDERSON.

(Circuit Court of Appeals, Fifth Circuit. April 8, 1913.)

No. 2,455.

HABEAS CORPUS (§ 30*)—SCOPE OF WRIT—VALIDITY OF SENTENCE.

Petitioner was charged in the first count of an indictment for unlawfully and forcibly breaking into a post office, and in the second count with larceny of postage stamps from such post office on the same day, and in the third count with larceny of $3 from the post office on the same date. The three counts were submitted to a jury and a verdict of guilty returned thereon, on which petitioner was sentenced to pay a fine of $100, and to imprisonment for 5 years on the first count and 2½ years on each of the second and third counts. *Held* that, the court having jurisdiction of the offense described in the indictment, error, if any, in imposing sentence on the second and third counts, on the ground that since the burglary and larceny were committed at the same time they were but one transaction, was reviewable on writ of error, and was not ground for writ of habeas corpus to procure petitioner's release after he had served a term of imprisonment imposed on the first count and worked out the fine.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25; Dec. Dig. § 30.*]

Appeal from the District Court of the United States for the Northern District of Georgia; William T. Newman, Judge.

On petition of Charles Anderson for habeas corpus against William H. Moyer, warden of the United States penitentiary at Atlanta, Ga. The district court having granted the writ and discharged petitioner, the warden appeals. Reversed.

An indictment containing five counts was returned May 7, 1907, in the United States District Court for the District of Oregon against Charles Anderson and three others. The first count charged them with unlawfully and forcibly breaking into the Sellwood post office, in the city of Portland, Or., with intent to commit a larceny therein, on January 18, 1907; the second count charged them with larceny of postage stamps from said post office on' that date; the third with larceny of $3 from that post office on the same date; the fourth with receiving and concealing on the same date the postage stamps stolen by them from the post office; and the fifth with receiving and concealing on the same date the money that they had stolen from the post office.

The defendant, Charles Anderson, having filed his plea of not guilty, was tried by a jury, and on October 11, 1907, the jury returned a verdict finding him guilty as charged in the first, second, and third counts, and not guilty as charged in the fourth and fifth counts of the indictment. Whereupon, he was sentenced to pay a fine of $100 and to imprisonment at hard labor in the United States penitentiary at McNeil's Island for a term of 5 years on the first count, 2½ years on the second count, and 2½ years on the third count. After serving part of said sentence at McNeil's Island, he was transferred to the United States penitentiary at Atlanta, Ga.

After serving his term of imprisonment on the first count, deducting the usual allowance for good time, and 30 days additional time in lieu of the fine imposed, he applied to the District Court of the United States for the Northern District of Georgia, where he is now confined in the federal prison at Atlanta, Ga., for a writ of habeas corpus, on the ground that the acts charged in the three counts of the indictment on which he was convicted

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

203 F.—56

and sentenced constituted but one offense, and that, therefore, the additional sentence on counts 2 and 3 are void. The application was denied by the court for the reasons stated in Anderson v. Moyer, Warden (D. C.) 193 Fed. 499. The application for the writ was made on the strength of the decision of the Circuit Court of Appeals for the Ninth Circuit in the case of Halligan, Warden, v. Wayne, 179 Fed. 112, 102 C. C. A. 410.

Later, the Circuit Court of Appeals for the Eighth Circuit, in the case of Munson v. McClaughry, Warden, 198 Fed. 72, 117 C. C. A. 180, followed the decision in the Wayne Case. On the strength of the decision in the Munson Case, the appellee herein renewed his application for a writ of habeas corpus on the ground that the criminal acts charged in the indictment constituted but one offense, to wit, the crime of breaking into a building used as a post office with intent to commit larceny therein, in violation of section 5478 of the Revised Statutes of the United States as charged in the first count of the indictment, and that the sentences upon the second and third counts of the indictment for larceny were ultra vires and void. The writ was allowed, served, due return made, and upon the hearing the court below held that the Wayne and Munson Cases were controlling in this case, and discharged the appellee herein.

F. C. Tate, U. S. Atty., and John W. Henley, Asst. U. S. Atty., both of Atlanta, Ga., for appellant.

Lamar Hill, of Atlanta, Ga., for appellee.

Before PARDEE and SHELBY, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge (after stating the facts as above). Two questions are presented by the record in this case. The first is whether the sentence of a defendant convicted on two separate counts of an indictment under sections 5478 and 5456 of the Revised Statutes[1] of burglary of a post office building with intent to commit larceny and of larceny committed at the same time and as a part of a continuous criminal act, to separate punishments for the burglary and the larceny, is ultra vires and void as to the sentence for the larceny. The second is whether, if so, such a defendant, having satisfied the sentence for the burglary, is entitled to his release on habeas corpus. As our conclusion is against the appellee upon the second question with the result that the judgment is to be reversed and the writ denied for that reason, it becomes unnecessary for us to consider the first question.

The function of the writ of habeas corpus has been recently and thoroughly settled by the Supreme Court. In the case of Glasgow v. Moyer, Warden, 225 U. S. 420, 32 Sup. Ct. 753, 56 L. Ed. 1147, three propositions are settled by the court in the language quoted:

(1) "The writ of habeas corpus cannot be made to perform the office of a writ of error."

(2) "The rule that on habeas corpus the court examines only into the power and authority of the court restraining the petitioner to act, and not the correctness of its conclusions, applies where the petitioner attacks as unconstitutional, or as too uncertain, the law which is the foundation of the indictment and trial."

(3) "A defendant in a criminal case cannot reserve defenses which he might make on the trial, and use them as a basis for habeas corpus proceedings to attack the judgment after trial and verdict of guilty. It would introduce confusion in the administration of justice."

[1] U. S. Comp. St. 1901, pp. 3683, 3696.

In the case of Matter of Gregory, Petitioner, 219 U. S. 210, 31 Sup. Ct. 143, 55 L. Ed. 184, the Supreme Court said:

"Habeas corpus cannot be made to perform the functions of a writ of error, and this court is not concerned with the questions of whether the information is sufficient, or whether the committing court properly applied the law if that court had jurisdiction to try the issues and render the judgment. * * * When the statute defining the crime is valid, it is within the range of judicial consideration to determine whether the acts of the accused are within the definition, and if the court has jurisdiction its judgment cannot be reviewed on habeas corpus."

In the case of Harlan v. McGourin, Marshal, 218 U. S. 442, 31 Sup. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849, the Supreme Court said:

"The writ of habeas corpus cannot be used for purposes of proceedings in error; the jurisdiction under the writ is confined to determining from the record whether the petitioner is deprived of his liberty without authority of law."

Similar principles were enunciated by the Supreme Court in the cases of Ex parte Watkins, 3 Pet. 203, 7 L. Ed. 650, Riggins v. United States, 199 U. S. 547, 26 Sup. Ct. 147, 50 L. Ed. 303, In re Lincoln, 202 U. S. 178, 26 Sup. Ct. 602, 50 L. Ed. 984, and in the recent case of Johnson v. Hoy, 227 U. S. 245, 33 Sup. Ct. 240, 57 L. Ed. ——, decided February 3, 1913.

From them we deduce the conclusion that it is not competent for a convicted defendant to reserve any defense he might have made on his trial and first present it after conviction and sentence as a ground for his release upon habeas corpus, that the writ of habeas corpus cannot be in this way made to perform the function of a writ of error, and that its only function is to secure the release of one imprisoned without authority of law, or by a tribunal without jurisdiction to try the detained person, and that it cannot be used to secure the release of one convicted by a tribunal having jurisdiction of the offender and the offense, but who has been wrongly convicted by reason of an error of that tribunal. The correct solution of the case depends upon the determination as to whether it falls within the one class or the other of those mentioned.

The verdict in the case at bar shows that petitioner Anderson was convicted upon the first, second, and third counts of the indictment. The first count was for burglary of a post office and the second and third counts were for larceny of stamps and money, respectively. There was a verdict of acquittal under counts 4 and 5. The court below submitted all the counts of the indictment to the jury. If the petitioner is correct in his position that the larceny was merged in the burglary or vice versa, then the court should have directed the jury that they might find the defendant guilty of either crime, but not of both. If the court gave no such instruction, but permitted the jury to return a verdict against the defendant upon both of the charges, it must have been either because it was of the opinion that petitioner's contention was not legally correct, even though the burglary and larceny were parts of one transaction and committed at the same time and place, or because it was shown upon the trial that the

burglary and larceny were committed at different times and places, and were consequently different transactions. In either case, the court below had jurisdiction to determine whether or not, under the law and the facts, the petitioner was guilty of both offenses, and, having determined it, the petitioner can question the correctness of its conclusion, only by means of a writ of error, and cannot use the writ of habeas corpus for that purpose. It is not a case where the court is shown upon 'the face of the record to have imposed an excessive or unauthorized sentence. The jury having found the defendant guilty of both charges, so long as its verdict was allowed to stand, the court had no other course open than to impose sentence for each offense. If error existed, it went back of the sentence and to the verdict, which was not a general verdict of guilty, but a verdict of guilty as to each of the first three counts. The matter could have been reached by a request to the trial court to direct the jury that they could not find the defendant guilty of both the burglary and the larceny; and in the event of its refusing to so charge, by a motion to set aside the verdict of guilty of both offenses upon that ground, or by assigning error thereon upon a writ of error.

The petitioner upon his trial could have interposed as a defense to the count charging the breaking that the misdemeanor of breaking into the post office was merged into the felony of the larceny of the stamps and the money or vice versa. Having failed to do this, he could not reserve this defense for presentation upon habeas corpus.

For this reason and for the additional reason that the record in this court does not sufficiently show that the burglary and the larceny were committed at the same time and place and were parts of one and the same transaction, we think the judgment should be reversed and a judgment entered here denying the writ.

In the cases of Halligan, Warden, v. Wayne, 179 Fed. 113, 102 C. C. A. 410, and Munson v. McClaughry, Warden, 198 Fed. 72, 117 C. C. A. 180, no question was presented as to the propriety of the writ of habeas corpus as a remedy, but in each case its appropriateness as a remedy was assumed, and it was conceded also that the burglary and larceny were parts of one and the same transaction.

Ordered that the judgment of the District Court discharging the appellee be reversed and a judgment entered in this court denying the writ, and taxing the petitioner with the costs of this proceeding.