## DOAN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. September 7, 1920.)

No. 3404.

1. **Internal revenue** ☞47—**Acquittal of conducting distilling business not inconsistent with conviction for fermenting mash.**

An acquittal on two counts of the indictment, which charged defendant with carrying on the business of distilling without bond and of engaging in such business without notice to the collector of internal revenue, contrary to Rev. St. §§ 3281, 3259 (Comp. St. §§ 6021, 5995), does not invalidate a conviction under the third count, which charged her with fermenting a mash fit for distillation in a place not a distillery authorized by law, contrary to section 3282 (section 6022).

2. **Internal revenue** ☞47—**Evidence held to support conviction for fermenting mash for distillation.**

Evidence by two witnesses that they were familiar with mashes and stills, and that the mash found in plaintiff's house was fermenting and fit for distillation, *held* sufficient to sustain a conviction for making and fermenting a mash fit for distillation.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Mrs. L. Doan was convicted of fermenting a mash for distillation outside a distillery, and she brings error. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

William C. Keith, of Seattle, Wash., for plaintiff in error.

Robert C. Saunders, U. S. Atty., and Charlotte Kolmitz, Asst. U. S. Atty., both of Seattle, Wash.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The indictment against the plaintiff in error contained three counts, the first of which charged her with having, at a certain stated time and place in the city of Seattle, unlawfully and feloniously carried on the business of a distiller without having given bond, as required by law; the second charged that at the same time and place she engaged in the business of a distiller, having knowingly and unlawfully failed to give notice in writing to the collector of internal revenue of the collection district in which the place was at the time in question situated, as required by section 3259 of the Revised Statutes (Comp. St. § 5995); and the third count charged that at the same time and place, to wit, in her dwelling house, the same not being a distillery authorized by law, she unlawfully and feloniously made and fermented a certain mash fit for distillation, to wit, 13 gallons of corn meal mash. She was convicted by the verdict of the jury under the last-mentioned count, and acquitted under the first two.

[1] On her behalf it is here contended that her acquittal under the first two counts was in effect an acquittal under the third. We think there is no merit in the contention. The first two counts related to the business of a distiller, regulation of which and violations thereof are provided for by sections 3281 and 3259 of the Revised Statutes (Comp. St. §§ 6021, 5995). The third count, under which the conviction was had, was for a violation of section 3282 of the Revised Statutes (Comp. St. § 6022), which, among other things, declares:

"No mash, wort, or wash, fit for distillation or for the production of spirits or alcohol, shall be made or fermented in any building or on any premises other than a distillery duly authorized according to law."

[2] In response to the contention that there was a lack of evidence sufficient to justify the verdict of conviction, it is enough to point to the testimony of the witnesses Revelle and Klein, the former of whom testified in effect that he was a police officer and "one of the raiding party," and was familiar with mashes and stills; that when mash begins to bubble and make a heavy foam it is used for distilling and that the mash found in the house of the plaintiff in error was in that condition; and the other witness mentioned testified in effect that it was a part of his business to know what mash is, and when it is fit for distillation, and that the day after the raid referred to he filled the bottle of the mash out of a 10-gallon keg of it, and at the time of doing so it was fermenting and fit for distillation.

The judgment is affirmed.