### LEE CHOY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. December 3, 1923.)

No. 4052.

1. **Indictment and information ⬤⟼34(1)—Indorsement not part of indictment.**
   The indorsement forms no part of the indictment.

2. **Criminal law ⬤⟼1090(14)—In absence of bill of exceptions, charge not considered.**
   In the absence of a bill of exceptions, the Circuit Court of Appeals cannot consider the exceptions to the court's charge.

⬤⟼For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Criminal law ⟨key⟩878(4)—Verdict on different counts held not inconsistent.**

A verdict of guilty under a count of an indictment under Act May 26, 1922, penalizing buying, selling, etc., of narcotic drugs, knowing that they were unlawfully imported, and not guilty under a count under Act Nov. 23, 1921, penalizing buying, selling, etc., of narcotic drugs, except in or from original stamped packages, *held* not repugnant or inconsistent, even assuming that the act charged in each count is the same.

**4. Criminal law ⟨key⟩196—Rule as to one judgment barring another stated.**

A conviction or acquittal on one indictment is no bar to a subsequent conviction and sentence on another, unless the evidence required to support a conviction under one of them would have been sufficient to warrant a conviction on the other. The test is, not whether defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense.

In Error to the District Court of the United States for the Territory of Hawaii.

Lee Choy was convicted of violating the Anti-Narcotic Act, and he brings error. Affirmed.

Thompson, Cathcart & Ulrich and F. E. Thompson, all of Honolulu, Hawaii, for plaintiff in error.

William T. Carden, U. S. Atty., of Honolulu, Hawaii, and John T. Williams, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is a writ of error to review a judgment of the United States District Court for the Territory of Hawaii. The indictment contains two counts, the first based on the act of May 26, 1922 (42 Stat. 596); the second on the act of November 23, 1921 (42 Stat. 299). The former act declares that, if any person receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale, of certain narcotic drugs after being imported or brought into the United States, knowing the same to have been imported contrary to law, he shall be punished as therein provided. The latter act provides that it shall be unlawful for any person to purchase, sell, dispense, or distribute any of the narcotic drugs therein mentioned, except in the original stamped package, or from the original stamped package. The jury returned a verdict of guilty as to the first count, and not guilty as to the second. The assignments of error are based upon the indictment, the refusal of the court to charge the jury as requested, and upon inconsistency or repugnancy in the verdict returned. The objection to the indictment is based upon a misconstruction of the record. The indorsements on the indictment are on the front cover, instead of on the back, and in preparing and printing the record the indorsements precede the indictment. The indorsement here in question shows simply the general nature of the charge:

"Count I. Violation of the Act of February 9, 1909, as amended by the Act approved January 17, 1914, as amended by the Act of May 26, 1922."

"Count II. Violation of Section 1 of the Act approved December 17, 1914, as amended by section 1006 of the Revenue Act of 1918, re-enacted by section 1005 of the Revenue Act of 1921."

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The argument of counsel for the plaintiff in error is directed against this indorsement, and not against the indictment itself. The indorsement forms no part of the indictment, and the indictment proper is free from objection. This explains, if it does not excuse, the mistake of counsel.

[2] In the absence of a bill of exceptions, we cannot consider the exceptions to the charge of the court.

[3, 4] The verdict finding the defendant guilty as to one count and not guilty as to the other is neither repugnant nor inconsistent, for while we may assume that the transaction charged in each count is the same, the offenses are different, and each offense contains elements not found in the other. Under such circumstances, a verdict of not guilty as to one count is not inconsistent with a verdict of guilty as to the other.

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." Morey v. Commonwealth, 108 Mass. 433.

See, also, Carter v. McClaughry, 183 U. S. 367, 395, 22 Sup. Ct. 181, 46 L. Ed. 236; Burton v. United States, 202 U. S. 344, 381, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392; Gavieres v. United States, 220 U. S. 338, 31 Sup. Ct. 421, 55 L. Ed. 489.

Finding no error in the record, the judgment is affirmed.