## COY v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. April 27, 1925.)

No. 4422.

1. **Criminal law** ☞195(1)—**Former acquittal no defense unless both indictments charge same offense.**

Former acquittal is no defense unless both indictments charge the same offense.

2. **Criminal law** ☞200(6)—**Acquittal under indictment charging offense not bar to prosecution under indictment charging conspiracy to commit offense.**

Acquittal under indictment charging possession of counterfeited Federal Reserve notes with intent to defraud, in violation of Criminal Code, § 151 (Comp. St. § 10321), did not bar subsequent prosecution under indictment charging conspiracy to commit such offense.

In Error to the District Court of the United States for the Southern Division of the Northern District of California; Charles F. Lynch, Judge.

John Coy was convicted of conspiracy to counterfeit Federal Reserve notes and to keep such notes in possession with intent to defraud, and he brings error. Affirmed.

Hilton & Christensen, of San Francisco, Cal., for plaintiff in error.

Sterling Carr, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. On March 20, 1923, an indictment was returned in the United States District Court for the Northern Division of the Northern District of California against six defendants, including one John Coy, charging a conspiracy to willfully, unlawfully, and feloniously make, forge, and counterfeit, and cause and procure to be made, forged, and counterfeited, and to willingly aid and assist in falsely making, forging, and counterfeiting, certain notes in imitation of and purporting to be in imitation of the circulating notes issued by the Federal Reserve Bank of San Francisco, Cal., that is to say, Federal Reserve notes of the denomination of $20, in violation of section 149 of the Criminal Code (Comp. St. § 10319); and a conspiracy to willfully, unlawfully, knowingly, and feloniously keep in their possession, with intent to defraud, the same forged and counterfeited obligations, in violation of section 151 of the Criminal Code (Comp. St. § 10321). The indictment then charged that in furtherance of the conspiracy and to effect the object thereof, one of the defendants, other than Coy, on March 6, 1923, at San Francisco, had in his possession, in a safe deposit box, 450 of the false, forged, and counterfeited obligations in question, and as a second overt act, that three of the defendants, including Coy, on March 6, 1923, brought to San Francisco, Cal., 450 of the false, forged, and counterfeited obligations. On March 31, 1923, a second indictment was returned in the same court against the same parties charging that they, on March 4, 1923, did unlawfully, willfully, knowingly, and feloniously, and with intent to defraud certain persons to the grand jurors unknown, keep in their possession, with intent to pass, utter, and sell, certain false, forged, and counterfeited obligations of the United States; that is to say, 484 falsely made, forged, and counterfeited Federal Reserve notes purporting to be in imitation of the circulating notes issued by the Federal Reserve Bank of San Francisco, Cal., in violation of section 151 of the Criminal Code. For convenience we will refer to the two indictments as the first indictment and the second indictment in the order in which they

appear in the opinion. The defendant Coy entered a plea of not guilty to the second indictment, and upon the trial thereof the jury returned a verdict of not guilty. He was then placed on trial on the first indictment. To that indictment he interposed a plea of former acquittal, setting forth the second indictment in full, the plea of not guilty, the trial and the acquittal, and averred that the offense charged in the two indictments was one and the same; that the testimony introduced on the first trial would be introduced on the second trial; that the overt act charged in the first indictment was identical with the offense charged in the second indictment; and that the government would introduce the same testimony and the same exhibits to prove the overt act charged in the first indictment as were introduced on the trial of the second indictment. The court below sustained a demurrer to the plea, and the case has been brought here by writ of error to review a judgment of conviction. The sole assignment of error is based upon the ruling on the demurrer to the plea of former acquittal.

[1, 2] If, as a matter of law, the offenses charged in the two indictments are not the same, it is manifest that the court did not err in sustaining the demurrer to the plea, and we think it equally manifest that the two offenses are not the same. In United States v. Rabinowich, 238 U. S. 78, 89, 35 S. Ct. 682, 683 (59 L. Ed. 1211), the court said:

"It is apparent from a reading of section 37, Criminal Code (section 5440, Rev. Stat.), and has been repeatedly declared in decisions of this court, that a conspiracy to commit a crime is a different offense from the crime that is the object of the conspiracy. Callan v. Wilson, 127 U. S. 540, 555; Clune v. United States, 159 U. S. 590, 595; Williamson v. United States, 207 U. S. 425, 447; United States v. Stevenson (No. 2), 215 U. S. 200, 203."

In Lee·Choy v. United States, 293 F. 582, this court said:

"The verdict finding the defendant guilty as to one count and not guilty as to the other is neither repugnant nor inconsistent, for while we may assume that the transaction charged in each count is the same, the offenses are different, and each offense contains elements not found in the other. Under such circumstances, a verdict of not guilty as to one count is not inconsistent with a verdict of guilty as to the other.

" 'A conviction or acquittal upon one indictment is no bar to a subsequent· conviction and· sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' Morey v. Commonwealth, 108 Mass. 433.

"See, also, Carter v. McClaughry, 183 U. S. 367, 395, 22 Sup. Ct. 181, 46 L. Ed. 236; Burton v. United States, 202 U. S. 344, 381, 26 Sup. Ct. 688, 50 L. Ed. 1057, 6 Ann. Cas. 392; Gavieres v. United States, 220 U. S. 338, 31 Sup. Ct. 421, 55 L. Ed. 489."

The most that can be said is that the offense charged in the second indictment is the same as the second overt act charged in the first indictment. The two indictments have no other element in common, aside from the mere identity of parties.

The judgment is affirmed.