### CLAYMAN v. SMITHERS, U. S. Marshal.

Circuit Court of Appeals, Fourth Circuit.
April 23, 1927.

No. 2581.

1. Habeas corpus ⬤⟞30(1)—Error in criminal proceedings cannot be corrected by habeas corpus.

Any error in proceedings of District Court in prosecution for sale and possession of liquor could be corrected only by writ of error, and not by habeas corpus to secure discharge from imprisonment under sentence imposed.

2. Intoxicating liquors ⬤⟞173—Possession and sale of liquor are distinct offenses (National Prohibition Act [Comp. St. § 10138¼ et seq.]).

. Possession and sale of liquor constitute distinct offenses under the National Prohibition Act (Comp. St. § 10138¼ et seq.).

Appeal from the District Court of the United States for the Eastern District of Virginia, at Richmond; D. Lawrence Groner, Judge.

Habeas corpus by Joe Clayman against Clarence G. Smithers, United States Marshal for the Eastern District of Virginia, seeking discharge from prison. From an order denying a discharge, petitioner appeals. Affirmed.

Hiram M. Smith, of Richmond, Va., for appellant.

Paul W. Kear, U. S. Atty., of Norfolk, Va. (Callom B. Jones, Asst. U. S. Atty., of Richmond, Va., on the brief), for appellee.

Before ROSE and PARKER, Circuit Judges, and BAKER, District Judge.

PER CURIAM. An information was filed against the appellant, Joe Clayman, containing two counts. The first of these charged the unlawful sale of one pint of intoxicating liquor. The second charged the unlawful possession of one pint of intoxicating liquor. He was convicted on both counts, and was sentenced to pay a fine of $200 and be imprisoned for four months. This conviction and sentence were affirmed by this court. 12 F.(2d) 598. Thereafter Clayman paid the fine of $200, and upon his being taken into custody to carry out the sentence of imprisonment he sued out a writ of habeas corpus, and asked that he be discharged on the ground that the two counts of the information charged but one offense, and that the sentence of imprisonment was unlawful. From an order denying his discharge he has appealed to this court.

[1, 2] We think that the order denying the discharge of Clayman should be affirmed. It does not appear upon the face of the record that the liquor which he was charged with possessing is the same which he was charged with selling, and he cannot add to the record by the allegations of his petition for habeas corpus. Riggs v. Workman (C. C. A. 4th) 14 F.(2d) 5. If there was error in the proceedings of the District Court, this could be corrected only by writ of error, not by habeas corpus. Moyer, Warden, v. Anderson (C. C. A. 5th) 203 F. 881. Furthermore, it is settled that possession and sale constitute distinct offenses under the National Prohibition Act (Comp. St. § 10138¼ et seq.), and may be separately punished. Albrecht v. U. S., 47 S. Ct. 250, 71 L. Ed. ——. As the defendant was convicted of both possession and sale, the sentence imposed was sustained by the record. There was no error, and the order of the judge denying discharge is affirmed.

Affirmed.

The late Judge ROSE concurred that the order denying discharge should be affirmed, but died before this opinion was prepared.