UNITED STATES ex rel. SIMKOFF v.
MULLIGAN, United States Marshal.
No. 155.

Circuit Court of Appeals, Second Circuit.
Nov. 6, 1933.

Max Schultz and Milton B. Seasonwein, both of New York City (Milton B. Seasonwein, of New York City, of counsel), for relator-appellant.

George Z. Medalie, U. S. Atty., of New York City (Edmund L. Palmieri, Asst. U. S. Atty., of New York City, of counsel), for respondent-appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On April 21, 1930, the relator-appellant, William Simkoff, pleaded guilty to both counts of an indictment charging violations of section 151 of the United States Criminal Code (18 USCA § 265). The first count charged that on or about the 2d day of April, 1930, at the Southern district of New York, he "unlawfully, wilfully, knowingly and with intent to defraud, did have in * * * control, custody and possession a certain falsely made, forged and counterfeited obligation of the United States, to wit, a Federal Reserve Note in the denomination of $20 of the following tenor." This count then proceeded to describe the note numbered #B 30203834 A. The second count charged that on or about the 2d day of April, 1930, at the Southern district of New York, he "unlawfully, wilfully, knowingly and with intent to defraud, did utter, publish and sell a certain falsely made, forged and counterfeited obligation of the United States, to wit, a Federal Reserve Note in the denomination of $20 of the following tenor." This count then proceeded to describe the note in the same way as having the same number as the note described in the first count.

The counterfeit obligations mentioned in the two counts were admittedly identical. To the first count the defendant pleaded guilty, and was sentenced to a term of imprisonment of one year and six months. To the second count he likewise pleaded guilty, and was placed on probation for a period of two years.

After the service of the prison term, and during the probationary period imposed by the sentence, the relator was arrested for violation of the terms of his probation. After a hearing, the probation was revoked by Judge Goddard, and he was sentenced on April 1, 1933, to a term of two years' imprisonment under count 2 of the indictment. A writ of habeas corpus was subsequently allowed, but was dismissed by Judge Coxe on June 23, 1933.

The appeal to this court is taken from the dismissal of the writ.

The propriety of the revocation of probation, if probation was validly imposed, is not disputed, but it is claimed by the relator that the imposition of probation was illegal in the first instance because:

(1) The indictment, though containing two counts, charged but a single crime.

(2) Punishment under the second count was in violation of relator's rights against double jeopardy given by the Fifth Amendment of the Constitution, as he had already served a prison term under the first count.

Section 151 of the Criminal Code (18 USCA § 265) reads thus:

*"Uttering forged obligations.* Whoever, with intent to defraud, shall pass, utter, publish, or sell, or attempt to pass, utter, publish, or sell, or shall bring into the United States or any place subject to the jurisdiction thereof, with intent to pass, publish, utter, or sell, or shall keep in possession or conceal with like intent, any falsely made, forged, counterfeited, or altered obligation or other security of the United States, shall be fined not more than $5,000 and imprisoned not more than fifteen years."

It is clear that there is more than a single offense charged by the two counts of the indictment. It is doubtless true that to "pass, utter, publish" and even to "sell," closely connected as these words are in a single clause, are made by the statute a single offense. To "keep in possession," on the other hand, are words not only separated from the prior clause of the statute, but are words describing an act which may be entirely independent of the later act of passing and uttering. Nor does it follow that the only possession had was simultaneous with uttering because the two counts of the indictment fix the time for each offense on the same day.

In Albrecht v. United States, 273 U. S. at page 11, 47 S. Ct. 250, 254, 71 L. Ed. 505, the Supreme Court, when considering convictions under separate counts of an indictment that charged illegal possession and illegal sale of liquor in violation of the Volstead Act (27 USCA), said:

"But possessing and selling are distinct offenses. One may obviously possess without selling, and one may sell and cause to be delivered a thing of which he has never had possession, or one may have possession and later sell, as appears to have been done in this case. The fact that the person sells the liquor which he possessed does not render the possession and the sale necessarily a single offense. There is nothing in the Constitution which prevents Congress from punishing separately each step leading to the consummation of a transaction which it has power to prohibit and punishing also the completed transaction."

In Blockburger v. United States, 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306, the Supreme Court went even farther than in Albrecht v. United States. There the petitioner was charged with violating provisions of the Harrison Narcotic Act (26 USCA §§ 211, 691 et seq.). The third count of the indictment charged a sale of eight grains of morphine not in or from the original stamped package. The fifth count charged the same

sale as having been made not in pursuance of a written order of the purchaser as required by the statute. It was assigned as error that the sale charged in the third count as not from the original stamped package, and in the fifth count as not in pursuance of a written order of the purchaser, constituted but one offense for which only a single penalty might lawfully be imposed. But the court, at page 304 of 284 U. S., 52 S. Ct. 180, 182, 76 L. Ed. 306, said that:

"Each of the offenses created requires proof of a different element. The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. * * * Applying the test, we must conclude that here, although both sections were violated by the one sale, two offenses were committed."

The question is always one of the construction to be given the particular statute under consideration. We have to determine whether section 151 of the Criminal Code, in setting forth different modes whereby the statute might be violated, was defining one crime or separate offenses. The interpretation of the Volstead Act and the Harrison Narcotic Act which the Supreme Court adopted shows that such language as we find in section 151 of the United States Criminal Code must be regarded as setting forth separate offenses. Cf. United States v. Busch (C. C. A.) 64 F.(2d) 27; United States v. Miro (C. C. A.) 60 F.(2d) at page 61; Haggerty v. United States (C. C. A.) 52 F.(2d) 11; Coy v. United States (C. C. A.) 5 F.(2d) 309.

In United States v. Bennett, Fed. Cas. No. 14,572, 17 Blatchf. 357, a court consisting of Blatchford, C. J., and Benedict and Choate, D. JJ., had occasion to consider whether certain counts of an indictment under section 5431 of the Revised Statutes from which the present section 151 of the United States Criminal Code is derived, properly charged separate offenses which might be joined in the same indictment. The opinion says that the joinder of the different counts was proper, although it remarks that: "The several charges are for the same transaction, or for transactions connected together. They appear to have occurred at the same time and were proved by the same witnesses." Accordingly the motion of the defendant Bennett for a new trial and arrest of judgment was denied.

In Crain v. United States, 162 U. S. 625, 16 S. Ct. 952, 40 L. Ed. 1097, statutory language which prohibited making, altering, forging, or counterfeiting, and causing to be made, altered, forged, or counterfeited, was held to set forth but a single offense. "Doing" and "causing to be done" had long been treated as the same thing in law (Rex v. Hunt, 2 Camp. 583), so that Crain v. United States is in no way modified by the later Supreme Court decisions.

It must now be regarded as settled that possessing and selling, whether of spirituous liquors, narcotics, or counterfeit bills, are each separate offenses. The counts of the indictment under consideration, and the statute in pursuance of which they were drawn, formally state different offenses under the recent rulings of the Supreme Court, and the defendant pleaded guilty to each count.

The claim that punishment under the second count was in violation of the relator's rights against double jeopardy is answered by what we have already said. Not only are possessing and selling in law different offenses, but there was no proof offered on habeas corpus that the possession was coterminous with the sale even if such proof could have negatived the inherent separability of the offenses. Albrecht v. United States, 273 U. S. at page 11, 47 S. Ct. 250, 71 L. Ed. 505; Blockburger v. United States, 284 U. S. 299, 52 S. Ct. 180, 76 L. Ed. 306; Coy v. United States (C. C. A.) 5 F.(2d) 309; Lee Choy v. United States (C. C. A.) 293 F. 582. See 45 Harv. L. Rev. pp. 535–541. The proof adduced upon the hearing of the writ did not show how long the relator had possessed the counterfeit note before the sale.

Moreover, a record cannot be amplified by a writ of habeas corpus. Defendants would constantly be attempting to overturn their pleas of guilty and to avoid their just sentences if such were the law. The decisions are quite to the contrary. Johnson v. Hoy, 227 U. S. 245, 33 S. Ct. 240, 57 L. Ed. 497; Blair v. White, 24 F.(2d) 323 (C. C. A. 8); Clayman v. Smithers, 18 F.(2d) 955 (C. C. A. 4); Levin v. United States, 5 F.(2d) 598 (C. C. A. 9); Moyer v. Anderson, 203 F. 881 (C. C. A. 5). The objection of double jeopardy, even had it been of merit, ought to have been raised at the earliest opportunity and not by habeas corpus years after a plea of guilty and service of sentence under the first count.

For the foregoing reasons, we have concluded that:

(1) The counts charged the defendant with separate offenses under section 151 of the Criminal Code.

(2) The defendant was not subjected to double jeopardy.

(3) The objections made to the sentence under count 2 may not be raised by a writ of habeas corpus.

The order dismissing the writ of habeas corpus is affirmed.