## REMALEY v. SWOPE.
### No. 8961.

Circuit Court of Appeals, Ninth Circuit.
Nov. 21, 1938.

**32**

Paul Remaley, in pro per.

J. Charles Dennis, U. S. Atty., and Oliver Malm, Asst. U. S. Atty., both of Tacoma, Wash., for appellee.

Before WILBUR, GARRECHT, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

█ This is an appeal from an order denying petitioner's application for writ of habeas corpus. A previous application having been 'denied, the District Judge, in the exercise of his discretion so to do (Salinger v. Loisel, 265 U.S. 224, 44 S.Ct. 519, 68 L.Ed. 989), denied the second and similar application.

The petitioner was sentenced to imprisonment for two years on each of three counts of an indictment, said sentences to run consecutively. He has now served the first two terms, being for four years less credits for good conduct, and now seeks release on habeas corpus on the ground that the third count in the indictment is for the same offense as the second count and that, therefore, he has been placed twice in jeopardy for the same offense. At the time of the former petition for writ of habeas corpus which was denied by the district court it appears that the petitioner had not yet served the part of the sentence which he conceded to be lawful.

Under such circumstances an appeal would have been of no avail because he was not entitled to raise the question of double jeopardy until he had served the part of the sentence which he concedes to be lawful.

█ It is contended by the government that the denial of the second application for writ of habeas corpus was within the sound discretion of the trial court and that its action cannot be reviewed on appeal, citing Salinger v. Loisel, supra. In view of the fact, however, that on previous application the point which the petitioner now presents could not properly be considered, we think that the merits of the question should be considered on this appeal.

The indictment upon which the appellant was convicted alleged in count 1 a conspiracy to violate section 3281 of the Revised Statutes, ch. 36, sec. 16, 18 Stats. 310, id. 26 U.S.C.A. § 306, id. 26 U.S.C.A. § 1184, 1934 ed., and R.S. sec. 3282, ch. 125, sec. 5, 20 Stats. 335, id. 26 U.S.C.A. § 307, id. 26 U.S.C.A. sec. 1185, 1934 ed.

The second count in the indictment charged violation of sec. 3281 of the Revised Statutes, and the third count charged violation of sec. 3282, R.S.

█ The contention of the petitioner is that inasmuch as he ·was convicted on the second count with carrying on the business of a distiller without having given bond as required by law, and on the third count with making and fermenting mash, wort or wash fit for distillation, or for the production· of spirits or alcohol in a building or premises "other than a distillery duly authorized according to law", that he was placed in jeopardy and punished twice for the same offense. His contention is that the making and fermenting of mash is an inseparable part of the business of carrying on the distillery and, 'consequently, that the conviction and punishment for the larger offense necessarily includes the offense of making and fermenting mash and, consequently, that where the offense of carrying on a distillery and the offense of making and fermenting mash is alleged as having occurred at the same time and place but one offense is charged. He cites in support of this contention the cases of Ex Parte Nielsen, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118; Ex parte Snow, 120 U. S. 274, 7 S.Ct. 556, 30 L.Ed. 658. The Nielsen Case involved a charge of adultery occurring in the same period covered by the charge of cohabiting, both in violation of acts of Congress. In that case it was held that the charge of cohabitation over a period of time alleged in the indictment was a continuing offense for which punishment had been inflicted and that a subsequent charge of adultery with the same person alleged in the former indictment as a party to the cohabitation was one for which the party had been placed in jeopardy by the former trial and conviction, and that the question of double jeopardy could be raised on an application for habeas corpus. Since this case was de-

cided more than half a century ago the question has frequently been before the courts of the United States and the doctrine announced therein has been appealed to in cases involving liquor and narcotics. From these decisions the rule has been developed that where two offenses are charged having relation to the same matter or transaction there is no double jeopardy in making and trying the charges if each offense requires proof of a fact which the other does not. This rule is announced by the Supreme Court in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; United States v. Goldsmith, 2 Cir., 68 F.2d 5; Slade v. United States, 10 Cir., 85 F.2d 786. It is applied by the Circuit Court of Appeals for the Second Circuit in the recent case of United States ex rel. Simkoff v. Mulligan, 67 F.2d 321, where a conviction for both possession and sale of a counterfeit $20 bill was sustained.

The Circuit Court of Appeals for the Sixth Circuit, in Fleisher v. United States, 91 F.2d 404, had before it the question of double jeopardy under the same sections of the Revised Statute involved here. It held that there was no double jeopardy in a conviction and sentence for the offense of carrying on a distillery in violation of R.S. § 3281 and also for the manufacture and fermentation of mash at the same time and place. We see no reason to doubt the correctness of this decision. In order to convict of the offense of carrying on a distillery without bond it is necessary to show something in addition to the manufacture and fermentation of mash, wort or wash. Such manufacture and fermentation were preliminary steps to the distillation of the alcohol produced by the fermentation of the mash, wort or wash. Moreover, it was necessary to prove the manufacture or fermentation of mash, wort or wash outside a bonded distillery to constitute any offense under § 3282, R.S., but this proof was not required to show the conduct of a distillery although it may have been done in the same building and as a part of the business carried on there. The authorities are in agreement that legislation may be enacted not only to punish the carrying on of the complete process of distillation but also the taking of the steps involved in that manufacture, and while in actual operation the distiller may conduct his business by manufacturing or making and fermenting his mash, wort or wash on the same premises where-

in he distills the alcohol thus produced, he cannot by combining these processes escape the penalty which the law affixes to each step thereof. We, therefore, agree with the decision of the Circuit Court of Appeals for the Sixth Circuit. We may add that that one feature of that case was taken over by the Supreme Court on certiorari. Fleisher v. United States, 302 U.S. 218, 58 S.Ct. 148, 80 L.Ed. 208. This court, in the case of Doan v. United States, 9 Cir., 266 F. 982, had under consideration an indictment charging a defendant with carrying on a business of distiller without bond and, at the time and place, with unlawfully and feloniously making and fermenting certain mash fit for distillation. She was acquitted of the offense of carrying on the business of a distiller but convicted of making and fermenting mash at the time and place' mentioned in the indictment. It was held that the two counts of the indictment stated separate offenses and that the acquittal on the charge of carrying on the business of a distiller did not prevent trial and conviction on a count of the indictment charging manufacture and fermentation of a mash at the same time and place. As double jeopardy does not depend upon the result of the trial, but upon the fact' of trial, if we follow the conclusion reached by us in that decision it is clear that there is no double jeopardy here because of prosecution and conviction on the charge of carrying on a business of distiller without bond and, at the same time the manufacture and fermentation of mash, wort and wash. It follows that the petitioner has not been placed in double jeopardy.

The question of whether or not the claim that the constitutional guarantee against double jeopardy has been violated can be raised upon an application for writ of habeas corpus is not discussed in the appellee's brief herein and the decisions thereon are not in harmony. Ex parte Bigelow, 113 U.S. 328, 5 S.Ct. 542, 28 L.Ed. 1005; In re Snow, 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658; Ex parte Nielsen, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118; Kastel v. United States, 2 Cir., 30 F.2d 687; United States ex rel. Poch v. Hill, 3 Cir., 71 F.2d 906; Moyer v. Anderson, 5 Cir., 203 F. 881; Johnston v. Lagomarsino, 9 Cir., 88 F.2d 86. It is unnecessary, however, to consider that question in view of our conclusion.

Order affirmed.