**UNITED STATES of America,**
Plaintiff,

v.

**Taylor COOPER, Defendant.**
Cr. No. 11652.

United States District Court
N. D. California, N. D.
July 6, 1956.

Lloyd H. Burke, U. S. Atty., San Francisco, Cal., by James S. Eddy, Asst. U. S. Atty., Sacramento, Cal., for plaintiff.

Pardee & Cady, by Donald P. Cady, Susanville, Cal., for defendant.

HALBERT, District Judge.

Defendant has heretofore been charged (Case Cr. No. 11,617 in this Court) with, and was, on June 14, 1956, convicted in this Court of assault with a dangerous weapon with intent to do bodily harm, a violation of § 113(c) of Title 18, United States Code. The United States Attorney for this District has now filed in this instant case an Information charging defendant with being a convicted felon in possession of a concealable firearm (a vio-

lation of California Penal Code, § 12021), upon an area within the federal jurisdiction, in violation of Title 18, United States Code, § 13. It is alleged in the Information that the defendant has heretofore been convicted in the State of Louisiana of two prior felonies, to-wit: Shooting with intent to kill and shooting with intent to murder, respectively. Defendant has responded to the Information on file in this case with a motion to dismiss based on three grounds, namely:

(1) The Information does not state facts sufficient to constitute an offense against the United States;

(2) The defendant has been convicted of the offense charged in this case in Case Cr. No. 11,617, above referred to; and

(3) The defendant has been in jeopardy of conviction of the offense charged in this case as the result of his conviction of the assault charged in Case Cr. No. 11,617.

Defendant predicates his entire argument in support of his motion on the ground that he is now charged with the illegal possession of the gun which he used to commit the assault of which he now stands convicted in Case Cr. No. 11,617, and is, therefore, being placed in double jeopardy.

Defendant has made no effort to support his contention that the Information does not state facts sufficient to constitute an offense against the United States, but, for the purpose of this motion, relies exclusively on the defense of double jeopardy. Even if defendant had not abandoned this first point, this Court would be bound to hold against him, for the Information does state facts sufficient to constitute an offense against the United States.

The last two points urged by the defendant in support of his motion are, in effect, but a single point, namely, a plea of double jeopardy. Such being the situation, these two points will be considered and determined together.

It is fundamental that before there can be a successful plea of double

jeopardy, the accused must have been previously in jeopardy for the same offense, Coy v. United States, 9 Cir., 5 F. 2d 309; Williams v. United States, 5 Cir., 179 F.2d 644; United States v. Huggins, 7 Cir., 184 F.2d 866; Bacom v. Sullivan, 5 Cir., 200 F.2d 70; and Serio v. United States, 5 Cir., 203 F.2d 576. It is also well established law that where two separate offenses are charged, and they each have relation to the same matter or transaction, there is no double jeopardy in the making and trying of both charges if one of the offenses requires proof of *a fact* which the other does not Burton v. United States, 202 U.S. 344, 26 S.Ct. 688, 50 L. Ed. 1057; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; King v. United States, 9 Cir., 31 F.2d 17; Remaley v. Swope, 9 Cir., 100 F.2d 31; Ross v. United States, 9 Cir., 103 F.2d 600; and Matthews v. Swope, 9 Cir., 111 F.2d 697.

 Even a cursory examination of the facts alleged in the Information on file in this case, and the facts adduced in Case No. 11,617, shows clearly that the number of common facts in each of these charges is actually exceeded by those facts that are peculiar to one particular charge. While the two offenses admittedly have certain common facts, it is abundantly clear that each offense has several separate and distinct elements which can be proven only by evidence that would, under ordinary circumstances, not even be admissible in evidence as to the other offense. Merely because certain common facts would be admissible at the trial of each charge does not make available a defense based on double jeopardy. The test is whether the evidence necessary to prove the elements of each offense is the same. If the evidence is not the same in each instance, the plea of double jeopardy is not available.

No federal cases have been cited and none have been found which deal with the precise situation which exists in this case, but there are a number of state authorities dealing with substantially the same problem as the one now being considered, See: 22 C.J.S., Criminal Law, §

287, at page 430, and these authorities are contrary to the position which defendant seeks to take in this case.

 After a full and careful review of the record in the two cases, which are here of concern, and the law applicable thereto, only one conclusion can be reached and that is that the defense of double jeopardy is not available to the defendant, who is alleged to be a felon charged with illegally possessing a concealable dangerous weapon after he has previously been charged with and convicted of assault with the same dangerous weapon, See: Lee Choy v. United States, 9 Cir., 293 F. 582. This is because the two charges could not be proved with the same evidence, even though admittedly there would be some facts common to both cases.

It is, therefore, ordered that defendant's motion to dismiss the Information in this case be, and the same is, hereby denied.