## *Ex parte* CASEY.

*(District Court, N. D. New York.   September 21, 1883.)*

1. HABEAS CORPUS—POWER AND AUTHORITY OF COURTS TO MODIFY, AMEND, OR SET ASIDE JUDGMENTS, ETC.—ADJOURNED SITTINGS.

   A court has ample authority to set aside, modify, or amend its judgments, orders, and decrees at the term at which they are rendered.

2. SAME—CASE STATED.

   The petitioner, after being convicted and sentenced by the court, and after stay allowed for an appeal, was a second time brought before the same judge, on an adjourned day of the same term of court, and the first judgment having been set aside, received the same sentence from the court, except that there was a substitution of penitentiaries. *Held,* that the court had full power to set aside or amend its judgment, which was rendered on a previous day of the same term, and that no injury had been done the petitioner, and none of his rights invaded.

*Habeas Corpus.*
*H. C. Clagett,* for petitioner.
*Martin I. Townsend,* U. S. Dist. Atty., opposed.

COXE, J. On Wednesday, March 1, 1882, the petitioner, having been previously convicted of an assault with intent to kill, was sentenced by the supreme court of the District of Columbia to four years' imprisonment in the state prison at Auburn, New York. The execution of this sentence was, on the defendant's motion, postponed to give him an opportunity to appeal. Pending the stay, the court, on the third day of June, 1882, resumed its session, "pursuant to adjournment," the same judge presiding, when the judgment of March 1st was set aside, and the same sentence again pronounced, except that the Erie county penitentiary was substituted for the state prison as the place of confinement.

A discharge is demanded upon the ground that the court had no authority to enter the second judgment. It appears from the copy of the record submitted that the second sentence was passed, not, as is asserted in petitioner's brief, at a subsequent term, but on an adjourned day of the same term. There can be no doubt that the court has ample authority to set aside, modify, or amend its judgments, orders, and decrees at the term at which they are rendered; and the papers in this case do not indicate that any act was committed which at all transcended the well-known powers of the court.

The petitioner had not been imprisoned under the first sentence; its operation had been suspended upon his motion and for his benefit. No injury was done him by the change of penitentiaries and none of his rights were invaded. See Whart. Crim. Pl. & Pr. (8th Ed.) 913; *Miller's Case,* 9 Cow. 730; *U. S.* v. *May,* 2 McArthur, 512; *Bank* v. *Withers,* 6 Wheat. 106.

It follows that the discharge must be refused and the prisoner remanded.