## PATTISON v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. October 27, 1924.)

No. 4307.

1. **Criminal law ⚖️➨998—District Court cannot set aside or alter final judgment after expiration of term.**

District Court cannot set aside or alter final judgment after expiration of term at which

it was rendered, unless proceedings for that purpose are begun during that term.

2. **Criminal law ⚖️➨998—Court not given jurisdiction of motion to set aside judgment by consent of United States attorney.**

District Court did not have jurisdiction to grant motion to set aside or alter final judgment after term at which it was rendered, though United States attorney appeared and consented to consideration of motion.

3. **Criminal law ⚖️➨1023(12)—Writ of error does not lie to review order of commitment.**

Writ of error does not lie merely to review order of commitment which is regular in form.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

J. Al Pattison was convicted of misapplication of moneys of the Federal Reserve Bank, and brings error. Writ dismissed.

Alfred P. Dobson and John J. Beckman, both of Portland, Or., for plaintiff in error.

John S. Coke, U. S. Atty., and J. O. Stearns, Jr., both of Portland, Or., for the United States.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge. On May 5, 1919, Pattison and Mann were indicted jointly for willfully misapplying moneys of a Federal Reserve Bank in Oregon. The charge against Pattison was that he knowingly and unlawfully aided and abetted Mann, who was a director and cashier of the bank. The statute under which the indictment was drawn (section 5209, 40 Stat. p. 972, Act Sept. 26, 1918 [Comp. St. Ann. Supp. 1919, § 9772]) provides that any officer of a Federal Reserve bank who willfully misapplies any of the money of such bank with intent to defraud the bank or deceive any person, and every person who, with like intent, aids or abets any officer in violation of the section, shall be deemed guilty of a misdemeanor. On July 7, 1919, at the regular July term of the United States District Court at Portland, Or., Pattison, who was present with his counsel, pleaded guilty. Thereafter on July 12, 1919, at the same term of court, Mann pleaded not guilty and upon trial was acquitted. Thereafter, on October 31, 1919, during the July term, judgment was rendered, fining Pattison $500, and ordering that he be committed to jail until the fine be paid, or until he be discharged, according to law, and allowing him 30 days from October 31, 1919, within which to pay the fine, and on December 1, 1919, during the November, 1919, term, the court allowed Pattison 30 days' additional time within

which to pay the fine theretofore imposed. This extended the time for payment to January 1, 1920.

More than three years afterwards, during the regular July, 1923, term of court, the district attorney asked for an order for a bench warrant for the arrest of Pattison; it appearing that stay of the service of the commitment which had previously been ordered by the court had long since expired and the fine had not been paid. The court ordered a bench warrant, directing that Pattison be brought before the court forthwith to show cause why the fine had not been paid, or why he should not be committed in accordance with the judgment. Commitment was issued and returned "Not found." Afterwards, on April 7, 1924, during the regular March, 1924, term of court the matter was heard upon a motion by the United States attorney for a commitment, and upon the oral motion of defendant to set aside the judgment of October 31, 1919, for a remission of the penalty imposed, upon the ground that Mann, the principal, having been acquitted, Pattison, accessory, could not be legally guilty. The court denied the motion of the defendant and granted the motion for commitment in accordance with the judgment of the court theretofore rendered. Commitment issued, whereupon Pattison brought writ of error, and contends that the court erred in entering judgment of guilty against him and sentencing him to pay a fine and ordering his commitment, upon the ground that, the jury having found Mann not guilty upon a separate trial, he (Pattison) should not be adjudged guilty of being an accessory.

[1] While the question of jurisdiction of the District Court to grant defendant's motion does not seem to have been considered by the learned District Judge, it is so plainly involved in the record as to be decisive of the case. All the proceedings had were during regular terms of the District Court for Oregon, which (section 102 of the Judicial Code [Comp. St. § 1089]) are held at Portland on the first Monday of March, July, and November. It was on October 31, 1919, during the regular July, 1919, term that judgment was rendered, fining Pattison and giving him 30 days from October 31 within which to pay the fine, and it was during the regular November, 1919, term that he was allowed an additional 30 days within which to pay the fine. If we assume, merely for the present purpose, that the order of the court made on December

1, 1919, at the November term, which was the term following the July term at which judgment was rendered, was not in excess of the power of the court and that the extensions of time allowed for the payment of the fine were valid, still the extension only ran until January 1, 1920. It is therefore apparent that not until more than four years had elapsed after the July, 1919, term, when judgment against him was entered, did Pattison make any move to modify or alter or vacate the judgment. The judgment had long since become a finality as far as the District Court was concerned. Under such a state of facts we are of the opinion that the District Court was without power to set aside or modify the judgment theretofore entered. In United States v. Mayer, 235 U. S. 55, 35 S. Ct. 16, 59 L. Ed. 129, the Supreme Court has recently reiterated the general principle that a court cannot set aside or alter a final judgment after the expiration of the term at which it was rendered unless the proceeding for that purpose was begun during that term.

[2] And the rule must prevail, even though the United States attorney may have appeared and consented to the consideration of the motion. Defendant, therefore, was invoking an authority not possessed (United States v. Mayer, supra), and the District Court should have denied his motion for lack of jurisdiction.

[3] Writ of error merely to review the order of commitment, which is regular in form, does not lie. It was but the order by which the court directed a ministerial officer to take the defendant to jail.

The writ of error must be dismissed; and it is so ordered.