852

## Ex parte McCULLEN.

District Court, W. D. Washington, N. D.
August 22, 1928.

No. 12520.

D. A. McDonald, of Seattle, Wash., for petitioner.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash., for respondent.

NORCROSS, District Judge. This matter was submitted upon the return to an order to show cause, if any, why a writ should not issue as prayed for. The controlling facts are as follows:

On October 31, 1927, petitioner was convicted in this court of an offense against the National Prohibition Act (27 USCA), and judgment entered that he be imprisoned in the Jefferson county jail, state of Washington, for the term of five months, and that he be fined $300, and costs. Upon such judgment he was duly committed to said jail on the 7th day of November, 1927. On the 24th day of November, 1927, petitioner prosecuted a writ of error to the Circuit Court of Appeals, and obtained release from such imprisonment upon bail. While so released, petitioner, on the 23d day of December, 1927, pleaded guilty to an offense against the laws of the state of Washington. On January 3, 1928, the superior court of Jefferson county entered judgment that petitioner be imprisoned in the said Jefferson county jail for two months, and that he be fined in the sum of $250, and that in default of paying said fine he be further confined until such fine be discharged, at the rate of one day for each $3 thereof. Upon the judgment last mentioned, petitioner was forthwith committed to said jail. On the 23d day of January, 1928, petitioner dismissed his writ of error to the Circuit Court of Appeals, and on the same day the mandate of that court was issued, commanding the judges of this court "that such further proceedings be had in the said cause as according to right and justice and the laws of the United States ought to be had."

On the 25th day of January, 1928, the mandate was filed in this court, in pursuance of an order made on said day last mentioned, by a judge of this court, directing that the same be "entered and commitment to issue." On the 24th day of January, 1928, the day preceding the filing of the mandate and the order for issuance of commitment, an instrument in the form of a commitment under the seal of the court was issued, reciting the conviction of petitioner, the judgment entered thereon, the dismissal of the writ of error, and the entry of the mandate as of the 24th day of January, 1928. Indorsed thereon is the return of the marshal, stating that he received the warrant of commitment on the 24th day of January, 1928, and in obedience thereto, on the 24th day of January, 1928, committed the defendant, petitioner herein, to the Jefferson county jail. An amended return, made on April 26, 1928, sets forth that service was made "by mailing copy of commitment to the sheriff of Jefferson county, who had him in custody at that time." A further amended return, indorsed "Filed May 4, 1928," appears on the said commitment, reading: "On request of District Judge, commitment herewith recalled and returned without further service." In pursuance of a motion "that the commitment and return thereon made by the United States marshal be withdrawn and set aside, filed on the 26th day of April, 1928, this court, on the 30th day of April, 1928, made an order ex parte directing the marshal to recall the commitment, and that a new com-

mitment issue at the expiration of the term of imprisonment which was being served on sentence in the state court when this commitment was issued. A new commitment, in pursuance of the order last mentioned, was issued, dated May 4, 1928, and the return of the marshal indorsed thereon recites that on the 7th day of May, 1928, he "mailed a copy of the within commitment to the sheriff of Jefferson county, where defendant is now confined."

The question of law presented is: When did petitioner begin serving the remainder of his sentence following the dismissal of the writ of error? It is the contention of counsel for petitioner that his sentence, in pursuance of the judgment of this court, was running concurrently with his sentence being served in pursuance of the judgment of the state court, and therefore it has terminated, and he is entitled to be discharged.

■ As said by the Circuit Court of Appeals, Fifth Circuit, in the case of Zerbst v. Lyman, 255 F. 609, 5 A. L. R. 377, cited by counsel for petitioner: "Ordinarily, two or more sentences run concurrently, in the absence of specific provisions in the judgment to the contrary." In the case at bar, there could have been no occasion to make any provision in the judgment respecting the sentence running concurrently with any other sentence, for, at the time of its entry, judgment had not been entered against petitioner in the state court. The cases which have considered the question of sentences running concurrently have in most, if not every instance, dealt with sentences imposed by either the federal or state courts, and not with the question where one sentence is imposed by a federal and the other by a state court. Where a prisoner is confined in the same penal institution upon commitments issuing from both a federal and a state court, the question whether such sentences would run concurrently, in the absence of any other controlling fact, it is unnecessary, we think, to determine in this case.

■ Petitioner was serving a sentence in pursuance of a judgment of a state court at the time he dismissed his said writ of error. The rule of comity would be sufficient reason for this court to recognize the authority of the state in the premises. United States v. Marrin (D. C.) 227 F. 314. The case last cited is authority for holding that, in the absence of a commitment from a federal court upon a prior existing judgment temporarily suspended upon appeal or writ of error, sentence thereon, upon affirmance of the judgment, would not run concurrently with a sentence being served upon a state court judgment.

The fact that a commitment was apparently inadvertently issued the day preceding the order for and filing of the mandate of the Circuit Court of Appeals would doubtless be sufficient to support an order for its vacation and the issuance of a new commitment, but in the view we take of the matter it is unnecessary to base a decision on that ground. When the mandate was received by this court, the petitioner was in the custody of the state authorities. Ex parte Marrin (D. C.) 164 F. 631. He could not surrender himself to the marshal of this court, and any attempt to exercise jurisdiction on him would present a question of conflict of authority. His then being confined upon judgment of the state court was, in part, at least, by his plea of guilty, the result of his own act. This court was not required to have the effect of its judgment nullified in any part by the act of the petitioner or that of the state court.

■ As has repeatedly been held, the time when a sentence of imprisonment shall commence is properly no part of the sentence, and may be changed by the court at a subsequent term, if, for any reason, execution of the sentence has been delayed. Bernstein v. United States (C. C. A.) 254 F. 967, 3 A. L. R. 1569. This court had the power, when its attention was called to the fact that the petitioner was serving a sentence under a state court judgment for an entirely different offense at the time it directed a remittitur to issue, to vacate any order theretofore entered in respect to such issuance, and to direct that a remittitur issue to take effect on the expiration of the state judgment, as was done in this case.

The petition is denied, and the order to show cause is quashed.