(No. 19637.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELMER SCHUEDTER, Plaintiff in Error.

*Opinion filed October 19, 1929.*

W. G. ANDERSON, (CHARLES L. DALY, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, JOHN A. SWANSON, State's Attorney, and JOEL C. FITCH, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

Elmer Schuedter was indicted in the criminal court of Cook county on July 13, 1916, for the murder of Gottlieb Dupper, and on October 4, 1916, pleaded guilty. After being fully advised by the court of the consequences of entering such plea he persisted in it. Thereupon his plea was received and he was sentenced to imprisonment in the penitentiary at Joliet for life. On March 29, 1929, he filed his written motion and petition to vacate the judgment for errors of fact not appearing of record. The court proceeded to a hearing upon evidence produced on behalf of Schuedter, the motion was overruled, and Schuedter has sued out a writ of error.

No bill of exceptions was taken on the original trial in 1916 but the evidence on the motion is included in a bill of exceptions. The only assignment of errors which questions the sufficiency of the common law record of the original trial to support the judgment is the fifth: "The record prepared by the clerk fails to show that evidence was heard by the court, as required by the statute, and in the absence thereof the plea of guilty was good for only a fourteen-year sentence." While the statute requiring the court to examine witnesses in such a case is mandatory, a failure to perform this duty is a matter to be presented by bill of ex-

ceptions. (*People* v. *Pennington,* 267 Ill. 45.) It is not presented on this record.

The term of court at which sentence was pronounced having passed and the plaintiff in error having been delivered to the prison authorities and having commenced to serve his sentence, the court had no power to vacate or set aside its judgment. (*People* v. *Perlmutter,* 306 Ill. 495.) It is argued in behalf of the plaintiff in error that he is entitled to relief by the writ of error *coram nobis,* citing *People* v. *Crooks,* 326 Ill. 266. The writ of error *coram nobis* has been abolished in this State by statute and the motion provided by section 89 of the Practice act has been substituted for it in cases where formerly the writ of error *coram nobis* was applicable. That writ would not lie for error or mistake of the judges in point of law but a writ of error must be sued out of the criminal court to correct such error. The writ was allowed for the purpose of revoking a judgment for some error in point of fact not appearing on the face of the record and not in point of law. (*Marabia* v. *Thompson Hospital,* 309 Ill. 147.) The motion and petition made by the plaintiff in error here, as abstracted, represented that plaintiff in error's attorney, "just immediately before the trial of said cause, came to him and represented to him that if he would plead guilty he would get a sentence of only fourteen years in the penitentiary, and that, acting upon such advice, he, being a minor of the age of eighteen years at the time, relied upon the representation so made by his attorney and pleaded guilty upon that distinct understanding; that after pleading guilty the trial court sentenced petitioner to life imprisonment in the Joliet penitentiary; that it was then represented to the court that your petitioner pleaded guilty with the understanding that he would get only fourteen years, and that your petitioner then and there told his attorney to ask leave of court to withdraw the plea, so that he, your petitioner, could be tried by a jury, which motion the court denied." It is thus rep-

resented that the whole matter was presented to and known by the trial judge whose action was subject to review. There was therefore no error of fact, and the judgment was not open to review by writ of error *coram nobis* and is not open to review by motion under section 89 of the Practice act.

The plaintiff in error and his mother testified in support of the motion, and letters written by the trial judge and assistant State's attorney were also produced, the former dated December 17, 1921, and the latter dated January 5, 1922, both addressed to the State Board of Pardons. From the testimony of the plaintiff in error it appears that the trial judge agreed that if the plaintiff in error would plead guilty the trial judge would impose a sentence of fourteen years in the penitentiary, and after sentence was imposed the plaintiff in error sought to withdraw his plea and have a jury trial, but the judge denied his motion. From the letters of the judge and assistant State's attorney it appeared that the assistant State's attorney agreed that if the plaintiff in error would plead guilty he would recommend that a sentence of fourteen years be imposed; that the agreement was made known to the judge, who heard evidence and reached the conclusion that the ends of justice and public safety would not be served by so limiting the period of confinement; and that the judge then informed the defendant's counsel that he would not be bound by the recommendation and if they chose to withdraw the plea of guilty they could do so, but they declined to change the plea. The evidence thus showed that if error was committed it concerned facts known to the court and with reference to which the court acted at the time of the trial. If he committed error his action was subject to review upon writ of error.

The order of the criminal court denying the motion will be affirmed.

*Order affirmed.*