## GAMBILL v. ADERHOLD, Warden.
### No. 660.

District Court, N. D. Georgia, Atlanta Division.
Aug. 4, 1933.

John C. Gambill, in pro. per.

Clint W. Hager, U. S. Atty., and H. T. Nichols, Asst. U. S. Atty., both of Atlanta, Ga., for respondent.

UNDERWOOD, District Judge.

The above-entitled proceeding coming on for a hearing and having been heard, the court finds as follows:

While serving a sentence at a penal institution of the United States, petitioner escaped. He was later apprehended and convicted for violation of the Escape Act (18 USCA § 753h), which provides that such sentence shall "begin upon the expiration of or upon legal release from the sentence for which said person was originally confined."

The trial court imposed a sentence of a year and one day in the penitentiary on the escape charge and ordered that it begin to run from the termination of the sentence he was serving at the time of escape.

Petitioner maintains that the two sentences must run concurrently from the date of the last, on account of the terms of the Act of June 29, 1932, § 1 (18 USCA § 709a) which provides that "the sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That if any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, the sentence of such person shall commence to run from the date on which he is received at such jail or other place of detention." Prior to the enactment of the latter statute, unquestionably the escape sentence had to be served after the termination of the original sentence. There is nothing to indicate that Congress intended to repeal or amend the escape statute to make sentences run concurrently unless the general provision of the act repealing "all laws and parts of laws in conflict herewith" had that effect. I do not think it did.

A reasonable construction of the act justifies the interpretation that the provision relating to the receipt of the prisoner at the penitentiary "for service of said sentence" or commitment to "a jail or other place of detention to await transportation to the place at which his sentence is to be served" means receipt at the penitentiary for service of that particular sentence, that is, the escape sentence, or commitment to jail to await transportation to the place where it is to be served, neither of which events occurs until after the termination of the first sentence. Until that time, the prisoner is held, not for service of the escape sentence or to await transportation to the penitentiary to serve same, but is received back at the penitentiary for completion of the old sentence or at the jail for transportation to the penitentiary to serve it, and he will be received at the penitentiary for service of the escape sentence only after he has served the original sentence.

This construction is a reasonable one and allows full force and effect to both statutes.

Whereupon it is considered, ordered, and adjudged that said writ of habeas corpus be and the same is hereby discharged, and it is further ordered that petitioner be remanded to the custody of respondent.