**UNITED STATES v. ING.**
No. 28220.

District Court, E. D. New York.
May 17, 1934.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

Louis Halle, of New York City, for defendant.

MOSCOWITZ, District Judge.

This is a motion for an order to release and discharge the defendant Albert Ing from custody.

Ing was convicted on March 31, 1931, for possession and transportation of intoxicating liquors in violation of sections 3 and 26 of title 2 of the National Prohibition Act (27 USCA §§ 12, 40), and was sentenced on April 6, 1931, to two years' imprisonment. An appeal was taken to the Circuit Court of Appeals which resulted in an affirmance. Pending said appeal the defendant was released on bail. After the affirmance the defendant failed to surrender himself for execution of sentence.

On January 29, 1934, the defendant surrendered, was committed and sent to the Northeastern Penitentiary under the original sentence of two years.

The question presented for consideration is whether or not by the adoption of the Twenty-First Amendment, which repealed the Eighteenth Amendment, the defendant could be committed to a federal penitentiary to serve the sentence imposed by the court on April 6, 1931.

The Supreme Court of the United States on February 5, 1934, in the matter of United States v. Chambers & Gibson, 291 U. S. 217, 54 S. Ct. 434, 436, 78 L. Ed. 763, 89 A. L. R. 1510, held that the National Prohibition Act was deprived of force by reason of the adoption of the Twenty-First Amendment. That court decided: "What we have said is applicable to prosecutions, including proceedings on appeal, continued or begun

after the ratification of the Twenty-First Amendment. We are not dealing with a case where final judgment was rendered prior to that ratification. Such a case would present a distinct question which is not before us."

Defendant has apparently mistaken his remedy. His remedy should be by a writ of habeas corpus in the district where he is confined.

The real question for consideration is whether or not the issuance of a commitment by this court on January 29, 1934, was a ministerial act or a judicial act. Nothing was required to be done by the court upon the surrender of the defendant; therefore the issuance of the commitment was a ministerial act.

The motion is denied. Settle order on notice.