**UNITED STATES ex rel. POCH v. HILL, Warden.**

**POCH v. FAKE, District Judge.**

Nos. 5465, 5514.

Circuit Court of Appeals, Third Circuit.

June 1, 1934.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

In the United States District Court for the District of New Jersey, Leonard R. Poch pleaded guilty to each of seven counts of an indictment charging sundry violations of the Mann White Slave Act (sections 2, 4, 18 U. S. C. §§ 398, 400 [18 USCA §§ 398, 400]). The court imposed sentences of three years imprisonment under the first count and two years under each of the remaining six counts, to run consecutively. Poch did not appeal from the judgment of sentence. After serving a portion of the terms, he conceived that the offenses alleged in two of the counts were the same offenses alleged in two other counts, and filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania (the district of his incarceration), alleging invalidity of sentences under two counts on the ground that the trial court was "without jurisdiction" to impose them. The district judge for the Middle District denied the petition and the relator appealed. He also by petition addressed directly to this court alleged the same facts and prayed that it issue a mandamus to the trial judge in New Jersey commanding him generally to afford him relief in the premises, that is, to annul one in each group of sentences on the duplicate counts. We shall dispose of the appeal and of the original petition for mandamus in one opinion as much of the same law applies to each case.

We shall assume the sentences under two counts were inadvertently and improperly imposed in that the offenses there charged were the same charged in two other counts. Clearly, each offense, no matter how often pleaded, is susceptible of but one punishment. 8 R. C. L. 233. The question is, what was the relator's remedy? Obviously it was by appeal, not to show that the court was "without jurisdiction" to impose sentences on the two counts complained of but to show that, acting within its jurisdiction, the court erred in imposing the sentences.

Plainly the trial court had jurisdiction to impose the sentences, for it had jurisdiction of the subject matter and of the defendant's person. In such case correction by a writ of habeas corpus cannot be made, 12 R. C. L. 1192, 1193, 1194, for that would be nothing more than an attempt to cause a writ of habeas corpus to perform the function of an appeal. 12 R. C. L. 1196, 1197, 1207, 1208.

Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for Warden Hill.

Harlan Besson, of Trenton, N. J., for Judge Fake.

908

Moreover, the writ of habeas corpus is not available to the relator for the purposes he seeks because, if it were granted, the only thing he could ask would be a remand for re-sentence, involving the risk of longer terms of imprisonment or, at best, an annulment of two sentences imposed. A defendant may be re-sentenced if, on appeal by him, it is determined that the original sentence was unlawful, for then, as the case was only temporarily taken from the trial court by appeal, that court had not lost jurisdiction and may, on reversal of the original sentence, impose a new sentence after the term. 8 R. C. L. 239. But where, as here, no appeal has been taken and the term in which the judgment of sentence was imposed has expired, the trial.court is without jurisdiction to enlarge, reduce or annul the sentences originally imposed and without jurisdiction to impose new ones, 8 R. C. L. 243, 246; and, what is equally important, this appellate court, either by writ of habeas corpus or mandamus, is wholly without power to confer jurisdiction upon the trial court in that regard. Moreover, the original jurisdiction of this court in mandamus is limited to matters in aid of its appellate jurisdiction.

For lack of inherent jurisdiction on the part of the trial court to annul the sentences imposed and for lack of jurisdiction on our part to give the trial court jurisdiction which it does not otherwise have, we are constrained to affirm the order of the District Judge denying the petition of the relator for a writ of habeas corpus and to dismiss his petition for writ of mandamus. The only relief for the relator-petitioner which we can discern is that of executive clemency which, we understand, United States officials are inclined to recommend.