## MIKETICH v. UNITED STATES.
### No. 5484.

Circuit Court of Appeals, Third Circuit.

June 12, 1934.

Horatio S. Dumbauld, U. S. Atty., and James I. Marsh and Frederic G. Weir, Asst. U. S. Attys., all of Pittsburgh, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment entered upon a plea of guilty in the United States District Court for the Western District of Pennsylvania, imposing a sentence upon appellant of one year and one day for counterfeiting. The sentence was "to begin at the expiration of the sentence imposed in the United States District Court for the Southern District of New York July 7th, 1933.".

The appellant says that the court erred in imposing sentence upon him (1) because since the enactment of section 709a of title 18 USCA, the court lacks power to defer the beginning of a term of imprisonment, and (2) because the court could not take judicial notice of another sentence pending in another district on the record here presented.

Section 709a, to which the appellant referred, provides that: "The sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence: Provided, That if any such person shall be committed to jail or other place of detention to await transportation to the place at which his sentence is to be served, the sentence of such person shall commence to run from the date on which he is received at such jail or other place of detention."

This section does not apply to a situation such as we have here. Gambill v. Aderhold (D. C.) 4 F. Supp. 567. The appellant's time will begin to run in the sentence imposed in this case when he is received at the Northeastern Penitentiary at Lewisburg "for service of said sentence." Although he has been received at the Northeastern Penitentiary, yet he has not been received there for the "service of said sentence" imposed upon him in the case at bar and will not be so received until the expiration of the sentence imposed by the court in the Southern District of New York.

As to the second ground of appeal, there is no question, as we understand it, about the fact that the appellant was serving in the Northeastern Penitentiary the sentence imposed upon him by the United States District Court for the Southern District of New York when the judgment appealed from was entered. There were at that time in the Pennsylvania court and before the judge, pleadings showing the sentence by the District Court in the Southern District of New York and the consequent imprisonment in the Northeastern Penitentiary at Lewisburg, Pa. These facts were not denied nor in any way

questioned when the judgment in this case was entered.

We find no error in the imposition of the sentence, and the judgment appealed from is affirmed.