**UNITED STATES ex rel. BROWN v. HILL, Warden.**

No. 5592.

Circuit Court of Appeals, Third Circuit.

Dec. 6, 1934.

Robert Brown, pro se.

Frank J. McDonnell, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

PER CURIAM.

Robert Brown was indicted, tried, and convicted in the district of New Jersey for passing and possessing counterfeit bills. On December 8, 1932, the court imposed a sentence that he "be committed for the term of five years in a Federal Penitentiary * * *, term to commence October 15, 1932." He was promptly committed and thereupon began serving his sentence.

It is clear from the words of the sentence that the term of imprisonment was five years. It is equally clear that, in fixing the date for commencement of the term prior to the date of sentence, the learned trial judge intended to give the prisoner the benefit of the time he had been imprisoned before conviction. Later, when at the next term of court, namely, on February 14, 1933, his attention was called to the then recent Act of June 29, 1932 (18 U. S. C. § 709a [18 USCA § 709a]), which provides specifically and exclusively that a "sentence of imprisonment of any person convicted of a crime in a court of the United States shall commence to run from the date on which such person is received at the penitentiary * * * for service of said sentence," the judge amended the five-year sentence to one of four years three hundred and ten days, to run, presumably, from the date of the amendment. This new term of imprisonment was in effect a five-year term from the date of commitment (as provided by the statute) less the period of imprisonment after the date of commitment, the benefit of which the learned court tried to give the prisoner.

The prisoner, conceiving that the first sentence was wholly invalid because it stated a date for the commencement of the term otherwise than as provided by the Act of

June 29, 1932, and contending that the amendment of the sentence was in legal effect a new sentence imposed after the term at which he was first sentenced, and imposed in his absence, and therefore invalid, filed a petition for a writ of habeas corpus which the learned judge, in the Middle district of Pennsylvania, to whom it was addressed, dismissed. The appeal is from the order of dismissal.

We are constrained to hold that the commitment under the sentence of December 8, 1932, was valid, and therefore the relator is in lawful custody. The court had jurisdiction of the case and of the prisoner and jurisdiction to impose the five-year term of imprisonment which was within the punishment prescribed by the statute under which the prisoner was tried, convicted, and committed. It follows the sentence of imprisonment for five years was lawful. The court's direction that it should begin on October 15, 1932, did not make inoperative the provision of the statute which says it should begin when the prisoner is received in the penitentiary. In other words, the court fixed the term; the law named the time of its commencement. We are therefore of opinion that the effort of the trial court (inadvertently made in behalf of the prisoner) to fix the commencement of the term at a date earlier than that provided by the statute was error and in consequence invalid; yet it affected the validity of the sentence only to that extent, leaving the rest of the sentence as though the court had said nothing about the commencement of the term. This vulnerable part of the sentence in no way vitiated the remainder of the sentence; hence it did not operate as a restraint of the relator's liberty. He is restrained of his liberty by force of the valid five-year sentence. The invalid limitation upon the sentence made by the early date for its commencement was nothing more than an attempt to shorten the duration of the valid restraint of his liberty under the five-year sentence.

We reach this conclusion on a finding that the case falls within recent pronouncements which the Supreme Court has made in respect to writs of habeas corpus. McNally v. Hill, 291 U. S. 131, 55 S. Ct. 24, 26, 79 L. Ed. ——. It said: "Under the statute in its present form [chapter 14, Title 28 U. S. C. (28 USCA § 451 et seq.)] the writ may issue 'for the purpose of an inquiry into the cause of restraint of liberty' * * * ["unless," venturing to interpolate, for present purposes, the words of section 455, Title 28 U. S. C. (28 USCA § 455) "it appears from the petition itself the party is not entitled thereto"]. Considerations which have led this court to hold that habeas corpus may not be used as a writ of error to correct an erroneous judgment of conviction of crime, but may be resorted to only where the judgment is void because the court was without jurisdiction to render it, * * * lead to the like conclusion where the prisoner is lawfully detained under a sentence which is invalid in part."

In the absence of an opinion by the learned trial judge in dismissing the petition for a writ of habeas corpus, we find he probably held, as we do, that the sentence of imprisonment for five years, imposed upon the relator on December 8, 1932, was valid, in that it was within the law and therefore within the jurisdiction of the court, and that the service of the five-year sentence commenced not on the earlier date inadvertently mentioned in the sentence nor on the later date of the nugatory amendment, but on the date of the commitment as fixed by statute.

Therefore, it appearing "from the petition itself" that the relator is not entitled to a writ of habeas corpus, the order of the District Court dismissing his petition is affirmed.