## UNITED STATES v. GOLDMAN et al.

District Court, S. D. New York.
Sept. 10, 1941.

Mathias F. Correa, of New York City, U. S. Dist. Atty., for plaintiff.

Jacob W. Friedman, of New York City, for defendant Martin M. Goldman.

Phillips, Mahoney & Fielding, of New York City, for defendant Jacob P. Shulman.

Martin Conboy, of New York City, for defendant Theodore Goldman.

RIFKIND, District Judge.

The defendants were convicted of a conspiracy, 18 U.S.C.A. 88, to violate the Bankruptcy Act, 11 U.S.C.A. 52, sub. b, and each was sentenced to eighteen months' imprisonment.

The trial was had before United States District Judge Mize, from the Southern District of Mississippi, assigned to the Southern District of New York pursuant to 28 U.S.C.A. § 17, and a jury.

The judgment was affirmed on appeal (2 Cir., 118 F.2d 310) and certiorari to the Supreme Court was denied on June 2, 1941, 61 S.Ct. 1109, 85 L.Ed. ——.

The term of Judge Mize's assignment expired before the making of the application under consideration.

The petition prays that execution of sentence be suspended and that defendants be admitted to probation.

1. The Federal Probation Act, 18 U.S.C.A. § 724, authorizes the suspension of the imposition or execution of sentence and the admission of defendants to probation when "it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby".

■ 2. The power to admit to probation may be exercised after appeal. Pernatto v. United States, 3 Cir., 107 F.2d 372; Nix v. James, 9 Cir., 7 F.2d 590; White v. Steigleder, 10 Cir., 37 F.2d 858.

■ 3. In no case need the application be made to the trial judge and in the instant case the application cannot be made to the trial judge, Ackerson v. United States, 2 Cir., 15 F.2d 268, since his assignment to the Southern District of New York has expired, and this proceeding constitutes new matter. Frad v. Kelly, 302 U.S. 312, 58 S.Ct. 188, 82 L.Ed. 282.

4. The application is supported by (a) assertions of innocence, the conviction notwithstanding; (b) the good reputation of the defendants and the high esteem in which they were held by the community; (c) the hardship that would befall their families; (d) the undue harshness of the sentence.

5. The trial judge has written as follows: "Mr. Ehrenberg was in my office today and left with me a copy of an application for probation for the above named defendant, who was tried by me along with Teddy Goldman and his brother and convicted and sentenced last July. Mr. Ehrenberg urged me to recommend to you that this defendant be placed on probation. I advised him that I could not make such a recommendation and that if the matter were before me I would deny probation as I had done last July when I imposed sentence. However, I stated to him that I had no objection whatsoever to probation being granted him by you or some other judge, if the matter came before you, if you thought probation should be granted, that I would not be embarrassed in the least because another judge differed from my conclusions as to the matter of probation. Therefore, if upon the re-hearing you are of the opinion that probation should be granted, I simply want you to know that it will be no embarrassment to me whatsoever if you differ from me."

6. I have read the record of the trial and I am satisfied that the defendants have been justly convicted. They were represented by exceptionally able counsel. The conviction cannot be ascribed to mischance or lack of skill or lack of vigor in the defense.

470

Since the defendants did occupy positions of dignity in the community, consideration must be given to the effect upon the community and its morale if no imprisonment is to follow this conviction.

■ One of the defendants urges the point that since the defendants are lawyers the probability of their disbarment should be taken into consideration in measuring the rigor of the sentence. I cannot assent to that view. Logically applied it would produce a condition where a lawyer would always receive a shorter sentence than a layman similarly situated. The very converse ought to prevail. Lawyers are members of a privileged profession. They are officers of the court. Their deviation from the path of honor into criminal byways must of necessity be more severely punished or good order and public morale are bound to suffer.

■■ The several petitions make out a good case for the abbreviation of sentence. They do not justify a suspension of execution. The former this court is powerless to grant. That is the exclusive province of the Executive. Constitution, Art. 2, Section 2, Clause 1.

The petitions are, therefore, denied.