**UNITED STATES v. WRIGHT.**
Criminal No. 11032.

District Court, E. D. Illinois.
Sept. 6, 1944.

490

William Hart, U. S. Atty., of Danville, Ill., for the United States.

No appearance for defendant or petitioner.

LINDLEY, District Judge.

Petitioner, a prisoner in pursuance of a commitment upon judgments entered in this court September 17, 1930, moves to vacate or amend the judgments of conviction.

Petitioner filed a similar motion in this court some two years ago, which, after permitting him to proceed as a poor person, I denied upon the merits. My memorandum and statement of facts entered then, expressly made a part of this memorandum, effectually dispose of the merits of his present claim. Still later he filed petitions for writs of habeas corpus before various judges, all of which were denied except the last one filed, which was granted, the order being affirmed by the Circuit Court of Appeals for the Ninth Circuit, August 7, 1943, in Johnston v. Wright, 137 F.2d 914. Neither Judge Denman sitting at the hearing, nor the Court of Appeals held either sentence illegal; rather they expressly concluded to the contrary. Judge Denman announced that petitioner's claim that his 10-year sentence was void was without merit; that his contention that the 5-year sentence was invalid had not been sustained, and that Wright's contention that the sentence was altered after his sentence by the Clerk or some one other than the sentencing judge had not been proved. The Circuit Court of Appeals affirmed. Thus the questions which petitioner now raises have been adjudicated.

Petitioner's present situation arises from these facts: After he had been arraigned and pleaded not guilty, counsel having been appointed for him, the jury returned a verdict of guilty upon the first indictment. The court sentenced him upon the three counts as follows: Upon the first, 5 years; the second, 3 years; and the third; 2 years, to be served consecutively. Defendant pleaded guilty to the second indictment, and received a sentence of 5 years to be served consecutively to the sentences imposed upon the first indictment. The first charged burglary and larceny of a United States Post Office and conspiracy to commit the crime; the second charged violation of the Dyer Act, 18 U.S.C.A. § 408. The original sentences provided that their execution should begin upon expiration of the sentence defendant was then serving in the Illinois state prison for one year to life. Judge Denman held, and the Court of Appeals affirmed, that the federal authorities, in attempting to execute the sentence, improperly apprehended petitioner after he had been released by state authorities on parole and before his parole had terminated, in other words, that federal enforcement authorities could not properly execute the federal sentence entered until petitioner's state parole had ended and, consequently, that his imprisonment in a government prison prior to such discharge had come about through an erroneous interpretation of the sentences of this court. Therefore he was released. Subsequent to these events petitioner's parole was terminated and he was completely relieved of further service of the sentence in the state court. Thereupon the United States applied for and this court issued a new commitment directing the marshal to execute the original sentences by apprehending and imprisoning petitioner in accord with the sentences. The issuance of this commitment did not alter the judgment; it merely directed its execution. The court's action in issuing it was only a routine ministerial act which probably could have been performed by the clerk. United States v. Ing, D.C., 8 F.Supp. 471; Sengstack v. Hill, D.C., 16 F. Supp. 61; Aderhold v. Edwards, 5 Cir., 71 F.2d 297; Aderhold v. McCarthy, 5 Cir., 65 F.2d 452; Howard v. United States, 6 Cir., 75 F. 986, 34 L.R.A. 509.

Congress has provided that the sentence of imprisonment "shall commence to run from the date on which such person is received at the penitentiary * * * for service of said sentence." 18 U.S.C.A. § 709a: Hayden v. Warden, 9 Cir., 124 F.2d 514. With this legislative provision the court may not interfere except that it may direct that the sentence shall begin to run at the expiration of a term which defendant is then serving or upon expiration of a term previously imposed for another crime. Wall v. Hudspeth, 10 Cir., 108 F.2d 865; Carroll v. Zerbst, 10 Cir., 76 F.2d 961; Miketich v. United States, 3 Cir., 72 F.2d 550; Austin v. United States, 9 Cir., 19 F.2d 127, certiorari denied, 275 U.S. 523, 48 S.Ct. 22, 72 L.Ed. 405; Ex parte Lamar, 2 Cir., 274 F. 160, affirmed 260 U.S. 711, 43 S.Ct. 251, 67 L.Ed. 476; Hayden v. Warden, 9 Cir., 124 F.2d 514; Balistreri v. United States, 9 Cir., 100 F.2d 928. The

statute does not make it necessary that each of two or more sentences shall begin at the same time so as to preclude cumulative or consecutive sentences. Brown v. Johnston, 9 Cir., 91 F.2d 370, certiorari denied 302 U.S. 728, 58 S.Ct. 58, 82 L.Ed. 563.

The trial court may amend or vacate a judgment at the same term of court when rendered, provided service of sentence has not yet begun. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354; Yavorsky v. United States, 3 Cir., 1 F.2d 169; Armenta v. United States, 9 Cir., 48 F.2d 568; Gleckman v. United States, 8 Cir., 16 F.2d 670; Wechsler v. United States, 2 Cir., 158 F. 579; Ex parte Casey, D.C., 18 F. 86. But service of the sentence ends the power of the court to change it even at the same term. United States v. Murray, 275 U.S. 347, 48 S.Ct. 146, 72 L.Ed. 309; Ex parte Lange, 85 U.S. 163, 18 Wall. 163, 21 L.Ed. 872; Simmons v. United States, 5 Cir., 89 F.2d 591; Jordan v. United States, 4 Cir., 60 F.2d 4, certiorari denied 287 U.S. 633, 53 S.Ct. 84, 77 L.Ed. 549; Hogan v. Hill, D.C., 9 F. Supp. 333; Buhler v. Hill, D.C., 7 F.Supp. 857. Even though execution of a sentence has not yet begun, after expiration of the term, the judgment cannot be set aside or altered, unless it is absolutely void. United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; United States v. Capone, 7 Cir., 93 F.2d 840, certiorari denied 303 U.S. 651, 58 S.Ct. 750, 82 L.Ed. 1112; United States ex rel. Brown v. Hill, 3 Cir., 74 F.2d 822; United States ex rel. Poch v. Hill, 3 Cir., 71 F.2d 906, certiorari denied 293 U.S. 597, 55 S.Ct. 120, 79 L.Ed. 690; United States v. Symonette, 5 Cir., 57 F.2d 863; Pattison v. United States, 9 Cir., 2 F.2d 14; United States v. Goldman, D.C., 40 F.Supp. 468; Id., 2 Cir., 118 F.2d 310, certiorari denied 313 U.S. 588, 61 S.Ct. 1109, 85 L.Ed. 1543; United States ex rel. Coy v. United States, D.C., 38 F. Supp. 610, affirmed, 6 Cir., 124 F.2d 1019, writ of certiorari dismissed 316 U.S. 342, 62 S.Ct. 1137, 86 L.Ed. 1517. That the sentences here involved are legal and valid is clear from Judge Denman's opinion and that of the Court of Appeals.

It is obvious that this court's jurisdiction terminated with the entering of the sentences. After expiration of the term I could not modify or vacate the judgments. Nor was it any part of the court's function to execute the sentences. That duty was lodged in the marshal and the prison authorities. My only jurisdiction thereafter was to issue, as a routine ministerial matter, the commitments necessary to enforce the judgments previously entered— that and that only has this court been concerned with. It was in pursuance of my duty in that respect that the commitment in 1944 was issued to bring about execution of the sentences entered in 1930. I have no jurisdiction to modify or vacate the judgments.

It is clear also from the opinion of Judge Denman and from my earlier opinion, which I have made a part hereof, that if petitioner had occasion to complain of anything occurring in the trial, his remedy lay in an appeal.

Petitioner asked the United States Circuit Court of Appeals for the Seventh Circuit to issue a writ of mandamus to compel me to vacate or modify the sentences as he now insists they should be. That application was denied. On July 27, 1942, while he was still in prison, petitioner presented his application to me to prosecute his appeal from my denial of his original motion to vacate, in forma pauperis, and in view of the fact that the Court of Appeals had held petitioner's application for mandamus without merit, I denied his motion. No appeal was taken from the order denying the motion to vacate the judgment.

It has been held that the time when imprisonment shall commence is properly no part of a sentence and may be changed by the court at a subsequent term, if execution of the sentence has been delayed. Fels v. Snook, D.C., 30 F.2d 187; Ex parte McCullen, D.C., 29 F.2d 852; Ex parte Aubert, D.C., 51 F.2d 136; Corollo v. Dutton, 5 Cir., 63 F.2d 7; Bernstein v. United States, 4 Cir., 254 F. 967, 3 A.L.R. 1569, certiorari denied, 249 U.S. 604, 39 S.Ct. 260, 63 L.Ed. 798; Moss v. United States, 4 Cir., 72 F.2d 30; People v. Toman, 367 Ill. 163, 10 N.E.2d 657; Annotations: 3 A.L.R. 1572, 69 A.L.R. 1178. Though service has been delayed, it remains to be executed, notwithstanding the delay. United States ex rel. Mayer v. Loisel, 5 Cir., 25 F.2d 300. Under this rule, had petitioner applied for a new designation as to the time when sentence should begin before he was again returned to prison, it may be that I would have had authority to grant him relief. But if that be the law, it is wholly beside the point. No such application was made and, under the authorities elsewhere noted herein, jurisdic-

tion over him ended when he was received at the penitentiary for execution of the sentence; it passed entirely from the court to the executive authority.

The trial court has jurisdiction only to try cases, to enter sentences and to direct their enforcement. The manner, agency and means of enforcement, the apprehension of defendant upon commitment and his imprisonment are matters solely within the duties of other officers of the Department of Justice.

Feeling that, in all fairness, petitioner should receive credit for the time served by him between the date when he was originally apprehended and delivered into the custody of the warden and the time of his release by habeas corpus, I have searched in vain for authority upon my part to afford him relief. The constitution gives the President power to grant reprieves and pardons. United States Constitution, Article II, Section 2. This includes power to grant commutations on lawful conditions. Lupo v. Zerbst, 5 Cir., 92 F.2d 362, certiorari denied 303 U.S. 646, 58 S.Ct. 645, 82 L.Ed. 1108. If the executive authority believes that petitioner should have relief, it may extend to him executive clemency. Needless to say, that function this court may not control or interfere with.

Petitioner suggests that he is entitled to a writ of coram nobis. In doing so he falls into the error reflected by many decisions. "At common law there were two types of writs of error, the writ 'coram nobis,' which was the common writ issued by a superior to an inferior court, and the writ 'coram vobis,' which issued to review proceedings previously had in the court issuing it. Due to the unusual similarity of this terminology the names of the writs have frequently been confused, and the writ issued by a court to review its own errors has commonly, though erroneously, been referred to as 'coram nobis.' * * * It is actually only the writ 'coram vobis,' or its recognized successor by motion in the nature of such a writ and directed to the court which rendered the judgment, with which we are here concerned." Cyc. of Fed. Procedure, Vol. 8, Sec. 3614, p. 379; 2 Bouv. Law Dict., Rawle's Third Revision, p. 3498. Motions in the nature of coram vobis are addressed to the discretion of the court. Cyc. of Fed. Procedure, Vol. 8, Sec. 3616, p. 382. Lupfer v. Carlton, 5 Cir., 64 F.2d 272. If petitioner seeks a writ of error coram nobis, whereby the Circuit Court of Appeals may review the record, he must fail, for the only method, proposed by Congress whereby a conviction may be reviewed, is that of appeal.

Obviously petitioner seeks to have this court review its own record and correct asserted mistakes of fact. However it may be correctly termed, the function of such a writ is closely analogous to that of a motion for new trial. · 24 C.J.S., Criminal Law, § 1606, and cases there cited. It does not lie where there is another adequate remedy, as by motion for new trial or in arrest of judgment or by appeal, 24 C.J.S., Criminal Law, § 1606, p. 147; Audette v. United States, 9 Cir., 99 F.2d 113, to enable the accused to question the merits of the case or to correct an issue of fact which has been adjudicated, even though wrongly determined. 24 C.J.S., Criminal Law, § 1606, p. 149; People v. Drysch, 311 Ill. 342, 143 N.E. 100. Nor is it available to correct errors of law. 24 C.J.S., Criminal Law, § 1606, p. 151; People v. Bruno, 346 Ill. 449, 179 N.E. 129; People v. Schuedter, 336 Ill. 244, 168 N.E. 323. And the application must be diligently made. 24 C.J.S., Criminal Law, § 1606, p. 153. Thus these delays have been held unreasonable, six years eight months, People v. Lumbley, 8 Cal.2d 752, 68 P.2d 354; four and one-half years, People v. Vernon, 9 Cal.App.2d 138, 49 P.2d 326.

Inasmuch as the claims of petitioner now asserted have been adjudicated against him in the District Court in California and by the Circuit Court of Appeals for the Ninth Circuit, and upon the motion previously presented to this court plaintiff has failed to appeal, there is no ground upon which a writ of coram vobis may issue.

The petition of August 15, 1944, is denied.