**UNITED STATES of America, Plaintiff,**

v.

**William Henry CHAPMAN, Defendant.**

**No. 33642.**

United States District Court
E. D. Michigan, S. D.

Dec. 31, 1957.

Fred W. Kaess, U. S. Atty., George E. Woods, Chief Asst. U. S. Atty., Detroit, Mich., for plaintiff.

William Henry Chapman, in pro per.

O'SULLIVAN, District Judge.

The above named defendant has presented two matters for disposition; a motion for leave to proceed in forma pauperis, and a motion for writ of error coram vobis.

### History of Matter

On March 31, 1953, this defendant was convicted, on his plea of guilty, of a violation of Section 2314, Title 18 U.S.C. On April 16, 1953, the Honorable Arthur A. Koscinski, Judge of this court, passed sentence on the defendant and committed him to the custody of the Attorney General for a period of three years. He has, apparently, served that sentence and in his present application, avers that he is presently confined in the Ohio Penitentiary, Columbus, Ohio. His papers do not disclose the reason for his present confinement.

This is the fourth time since passing of sentence that this defendant has sought relief in this court from his conviction on his plea of guilty, and from the sentence imposed pursuant thereto. The current applications were filed on July 9, 1957, and have been assigned to the undersigned, as successor to Judge Arthur A. Koscinski, retired at the time of the filing, and now deceased.

All previous applications were presumably made by the defendant while confined in a Federal Penitentiary serving the aforementioned sentence imposed by Judge Koscinski. It is not necessary to review in detail all of the previous applications. A motion was filed by him on November 19, 1954, seeking leave to proceed under Title 28 U.S.C. § 2255, and in forma pauperis. By order dated December 1, 1954, Judge Arthur A. Koscinski dismissed the motion. The defendant thereupon sought relief in the U. S. Court of Appeals which, after reciting that Judge Koscinski had, in fact, entered no appealable order, disposed of the matter as follows:

"It, therefore, appears that whether the petitioner's motion and application be considered as application for a writ of habeas corpus or a motion for leave to appeal in forma pauperis, they are without merit, and the motion and application must be, and hereby are, denied."

Following the entering of the above order by the Court of Appeals, and on July 5, 1955, this defendant again sought relief in this court by application for leave to file and proceed in forma pauperis, and by motion to vacate and set aside and void sentence and judgment. He allegedly was proceeding under Title 28 U.S.C. § 2255. His motion averred that the Information to which he entered his plea of guilty did not state any violation of any Federal statute or law, that the Information did not state facts that could be true, that the Information did not charge any crime against the United States, that the Information was invalid and void, and that the court which sentenced him had no jurisdiction. On August 25, 1955, an order was entered by Judge Koscinski granting defendant's motion to proceed in forma pauperis, but denying defendant's motion to vacate and set aside sentence and judgment.

The current application, in addition to asking leave to proceed in forma pauperis, is an application to this court for writ of error coram vobis.

### Opinion and Conclusions

Whether we treat the present application as a coram vobis or a coram nobis application, the court believes that the motion should be denied. Although given leave to proceed in forma pauperis, the defendant took no appeal from Judge Koscinski's order of August 25, 1955. The United States Supreme Court, in the case of United States v. Morgan, 346 U. S. 502, 74 S.Ct. 247, 252, 98 L.Ed. 248; has recently held that the writ of coram nobis is still a writ known to Federal Jurisprudence and available, under the proper circumstances, to persons claiming to be the victims of injustice. The majority opinion, however, in that case had this to say concerning the use of this ancient and extraordinary writ:

"Continuation of litigation, after final judgment and after exhaustion or waiver of any statutory right of review, should be allowed through the extraordinary remedy of coram nobis *only under circumstances compelling such action to achieve justice.*"

It is this Court's opinion that the current application for this writ does not bring before the court any circumstances which should compel the granting of the writ. In Judge Koscinski's last order disposing of this matter, he said:

"Defendant was arrested in this District and decided to have his case disposed of here by a plea of guilty. He was not deprived of any constitutional rights. The proceedings which included his sentence were regular and not violative of any rights of the defendant. Rule 20 of the Federal Rules of Criminal Procedure [18 U.S.C.] is not invalid

and defendant's constitutional rights were not affected adversely by the application of this procedural rule in criminal matters."

While the current application contains some additional averments, challenging the validity of the proceedings, all of the matters asserted in this application were either included in previous applications or could have been asserted to attack the conviction and sentence of this defendant. The defendant took no appeal from Judge Koscinski's order of August 25, 1955, even though he had a right to do so in forma pauperis, Judge Koscinski has several times given consideration to this defendant's attempts to vacate the judgment of conviction and this Court is satisfied that he made the orders which he did only after full consideration of the rights of this defendant. All litigation, whether it be civil or criminal, must find repose finally, and it is this Court's belief that this matter has certainly reached a stage where it should remain in repose.

Some authorities indicate that the granting of the writ here sought is discretionary. If it is discretionary, this Court exercises its discretion to deny the application. It is, likewise, the Court's opinion that no legal grounds have been asserted for its issuance. In the case of United States v. Wright, D.C., 56 F. Supp. 489, 492, the District Judge denied an application with this language:

> "Inasmuch as * * * upon the motion previously presented to this court plaintiff has failed to appeal, there is no ground upon which a writ of coram vobis may issue."

While in the case of United States v. Morgan, supra, the Court indicated that under compelling circumstances, the writ would issue even after a defendant had served a sentence imposed,

> "It is the general rule that where a sentence has been served, even though it be invalid, it will not be set aside because the question has become moot." Griffin v. United States, 6 Cir., 173 F.2d 909, 910.

In this case, the Court finds no compelling circumstances.

Order

For the foregoing reasons, this Court does order as follows:

1) That defendant's application to proceed in forma pauperis is hereby granted.

2) That the defendant's motion for writ of error coram vobis be, and the same is, hereby denied.