Richard A. **HAGELBERGER**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 71-1385
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 24, 1971.

Richard A. Hagelberger, pro se.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, E. Ray Taylor, Jr., Asst. U. S. Attys., Atlanta, Ga., for appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

* [1] Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

Richard A. Hagelberger, a federal prisoner, has taken this appeal from the district court's order denying him credit for certain time spent in custody prior to the date on which President Eisenhower commuted his death sentence. We affirm the order appealed, a copy of which is appended to this opinion, for the reasons stated therein.

Affirmed.

Appendix

United States District Court
Northern District of Georgia
Atlanta Division

Civil Action Number 13865

Richard A. Hagelberger
vs.
United States of America

The United States having responded to the show cause order in this case, and the petitioner having subsequently replied, the cause came on for determination on the following undisputed facts.

At a general court-martial, petitioner was found guilty of certain capital offenses and sentence (sic) to death. The findings of guilt and sentence were reviewed and approved at the appropriate levels of the Army, and by the Court of Military Appeals. Having once approved the sentence and ordered it carried out, on July 3, 1956, the President of the United States reconsidered and commuted the death sentence to dishonorable discharge, forfeiture of all pay and allowances, and "confinement at hard labor for a term of fifty-five years commencing on the date of this action." Commutation was also upon condition that petitioner should never have any right to parole, or suspension or remission of sentence under the various United States statutes and regulations governing federal prisoners.

The sole issue for decision is petitioner's contention that he is entitled to credit on his fifty-five year sentence for the time he spent on "death row" between the time he was found guilty and sentenced by the court-martial and the date his death sentence was commuted. The United States contends that commutation being an act of executive clemency, the President is free to attach to that act any lawful and reasonable conditions. Bishop v. United States, 96 U.S.App.D.C. 117, 223 F.2d 582, 587–588 (1955); Vitale v. Hunter, 206 F.2d 826 (10th Cir. 1953); Stroud v. Johnson, 139 F.2d 171, 172 (9th Cir. 1943), cert. den. 321 U.S. 796, 64 S.Ct. 846, 88 L.Ed. 1085 (1944); Lupo v. Zerbst, 92 F.2d 362 (5th Cir. 1937), cert. den. 303 U.S. 646, 58 S.Ct. 645, 82 L.Ed. 1108 (1937); United States v. Wright, 56 F.Supp. 489, 492 (E.D.Ill.1944). It follows, according to the Government, that since the President conditioned commutation upon running the term of years from the date of commutation, petitioner is not entitled to any credit for jail time before the death sentence was committed. The Court agrees.

Petitioner argues that the provision of the President's order that the term of years was to run from the date of commutation is not a condition, but simply a manifestation of the fact that the President was powerless to start the "new sentence" (term of 55 years) sooner than the date it was imposed, i. e. July 3, 1956. This contention is without merit. *Commutation* is the executive act reducing the terms of a sentence already imposed, substituting lesser for greater punishment. Rawls v. United States, 331 F.2d 21, 27 (8th Cir. 1964); Lupo v. Zerbst, 92 F.2d 362, 364 (5th Cir. 1937). It also follows from the nature of commutation that denying this petitioner credit for the time served on death row does not subject him to being twice punished for the same offense.

Finally, petitioner contends that conditioning commutation from a death sentence to a term of years upon running the term from the date of commutation is imposing an unreasonable condition upon the act of executive clemency. This argument too, is without merit. *See* Bishop v. Untied States, 96 U.S.App.D.C. 117, 223 F.2d 582, 587–588

(1955). Although in the cited case the petitioner's death sentence was commuted to life imprisonment, and Bishop was seeking credit for fifteen years' previous confinement toward parole,—whereas here the petitioner merely seeks credit for previous confinement toward the term now to be served—there is no substantial difference between the two situations, and *Bishop* is applicable here.

Accordingly, the petition for a writ of habeas corpus is denied.

It is so ordered.

This the 4th day of December, 1970.

SIDNEY O. SMITH, JR.
United States
District Judge