Sweeney *v.* Newspaper Printing Corporation.

(*Nashville*, December Term, 1940.)

Opinion filed February 15, 1941.

JOHN O'CONNOR, of Washington, D. C., and A. P. OT-TARSON, JR., of Nashville, for plaintiff.

BASS, BERRY & SIMS, of Nashville, for defendant.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit for libel. The trial judge sustained a demurrer to the declaration, and the plaintiff has appealed.

It appears from the declaration that the plaintiff is a lawyer and a Democratic Congressman from the State of Ohio. The defendant is the publisher of the Nashville Tennessean. That paper carries a syndicated column, and in this column there was printed the matter complained of which the plaintiff contends was libelous *per se*. The declaration contains no innuendo and avers no special damages.

The libel is said to inhere in the following extract from the column printed in the Tennessean December 24, 1938:

"A hot behind-the-scenes fight is raging in Democratic congressional ranks over the effort of Father Coughlin to prevent the appointment of a Jewish Judge in Cleveland.

"The proposed appointee is Emerich Burt Freed, United States District Attorney in Cleveland and former

law partner of Senator Bulkley, who is on the verge of being elevated to the United States District Court.

"This has aroused the violent opposition of Representative Martin L. Sweeney, Democrat of Cleveland, known as the chief congressional spokesman of Father Coughlin.

"Basis of the Sweeney-Coughlin opposition is the fact that Freed is a Jew, and one not born in the United States. Born in Hungary in 1897, Freed was brought to the United States at the age of 13, was naturalized ten years later."

The article goes on to quote Justice Department officials as saying that Mr. Freed is an able and progressive lawyer and mentions other lawyers whose appointment to this judicial position had been under consideration and concludes that by a process of elimination the Department of Justice had determined on the selection of Mr. Freed.

The declaration charges that the article was meant and intended to convey the idea that plaintiff was guilty of un-American racial prejudice against persons of Jewish origin and guilty of conduct unbecoming a public officer and to hold this plaintiff in contempt in the eyes of his constituents and his clients.

Notwithstanding the strong argument made in plaintiff's behalf, we are unable to see that this publication is libelous in itself and plaintiff concedes that unless the matter is libelous *per se*, the trial judge ruled correctly.

As stated above, the declaration contains no innuendo. Describing plaintiff as "the chief congressional spokesman of Father Coughlin" is not in itself libelous. The appellation *Father* indicates that Father Coughlin is a priest of the Catholic Church, and to act as spokesman for an ordained member of the clergy imputes no disgrace nor any reflection on the spokesman's character.

We can not take judicial notice of derelictions on the part of Father Coughlin, if he has been guilty of such.

The language printed indicates that plaintiff's opposition to Mr. Freed's appointment to the bench was based not only on the fact that Freed was a Jew but because he was born in Hungary, did not come to the United States until he was thirteen years old, and was not naturalized until ten years later.

It does not seem to us that the opposition of a Congressman to the selection of a Federal District Judge on either of these grounds necessarily reflects on the personal, professional, or official character of that Congressman.

A member of the House of Representatives has no part in the selection of a federal judge, either by way of appointment or confirmation. The most that he can do is to recommend. It appears that the plaintiff is a Democrat. If for reasons purely political he opposed the appointment of a foreign-born citizen, or a Jew, or a Catholic, or a Protestant to the federal bench, such action would not indicate personal, professional, or official delinquency.

It has always been customary, so far as we know, for the President himself, who appoints the judges, all applicants being qualified, to be influenced by the political effect of the particular selection he makes. Under such circumstances, we have heard of no criticism of any President on this account. Naturally interpreted, at most, the charge here is that for political reasons plaintiff opposed the appointment of a particular man as federal judge, on account of the religion or nativity of that man. We are unable to see that the charge could be regarded as libelous *per se,* there being other qualified applicants for the office.

The plaintiff, without any vestige of personal race or religious prejudice, might have opposed the appointment of Mr. Freed to the federal bench as a matter of party policy. Such action on his part would not be reprehensible in a government ruled by political parties, other capable men being available for the position.

The rules of law applicable to this case have, with supporting authorities, been stated in *Fry* v. *McCord Bros.*, 95 Tenn., 678, 33 S. W., 568, 570, as follows:

"It has been held that in order to constitute language libelous *per se* it must be 'either such as necessarily, in fact, or by presumption of evidence, occasions damage to him of whom or whose affairs it is spoken.' Townsh. Sland. & L. (4 Ed.), sec. 146; Newell, Defam., p. 181, sec. 14. 'Such language confers a *prima facie* right of action, and is *prima facie* a wrong, and injurious *per se*; and the law will presume damage, without proof, merely from implication or presumption from the publication.' Townsh. Sland. & L. (4 Ed.), sec. 147. 'Language which, however, does not, as a necessary consequence, occasion damage to the party published, is not *per se* libelous, and in such cases a right of action exists only when as a necessary and proximate consequence of the publication, special damage ensued to the party published.' Id. secs. 146-148; *Bank* v. *Bowdre*, 92 Tenn. (8 Pickle), 723, 736, 23 S. W., 131."

Tested by the rules above, we do not think the language, of which complaint is made, will as a necessary consequence occasion damage to the plaintiff and therefore it is not libelous *per se*. Such language does not impute to him any want of integrity as an official, as a lawyer, or as an individual.

Much of the argument made in behalf of plaintiff in

error would be more appropriate if the declaration herein contained an innuendo or set out special damages.

Upon full consideration, we reach the conclusion that the trial judge made a proper disposition of the case and and the judgment below is affirmed.